No. 8907.

ROUS, ADMINISTRATOR, *v.* WALDEN.

STATUTE OF LIMITATIONS.—*Sale of Personal Property.*—*Account.*—Where a sale of personal property is made and nothing is said as to the time and manner of payment, the law implies a payment in cash at the time of delivery, and as the cause of action for the price of the property then accrues, the statute of limitations commences to run from that time, and a suit for the value of the property after the expiration of six years from the sale is barred by the statute.

From the Switzerland Circuit Court.

*J. B. McCrellis* and ―― *Pleasants*, for appellant.
*W. R. Johnston* and *F. M. Griffith*, for appellee.

BEST, C.—This action was brought by the appellee against

Rous, Administrator, *v.* Walden.

Solomon Froman, before a justice of the peace, to recover a balance alleged' to be due him for six head of cattle sold and delivered by him to Froman. Upon appeal to the circuit court, an answer of three paragraphs was filed: First. A general denial; Second. The statute of limitations of six years; and, Third. Payment. A reply of denial was also filed. Afterward the death of the defendant was suggested, and the appellant substituted. A trial was had, and a verdict returned for the appellee; over a motion for a new trial, judgment was rendered upon the verdict.

The error assigned is, that the court erred in overruling the motion for a new trial. Various reasons were embraced in this motion; among others, it was averred that the verdict was not supported by sufficient evidence, and was contrary to law. The evidence is in the record, and we are of opinion that the verdict, under the issues, should have been for the appellant. This suit was commenced on the 28th day of August, 1879, and we are clearly of the opinion that the cause of action sued upon accrued more than six years before that time, as is shown by the undisputed evidence in the case. The only evidence in the case, other than that introduced to prove when the suit was commenced, was the testimony of Nathan Walden, as follows: " I know the parties; I am a son of the plaintiff; was acquainted with Solomon Froman in his lifetime; Solomon Walden sold Froman six head of cattle; was to give him $25 apiece; don't know who was present when the sale was made; Mr. Froman came to my house and told me that he had bought my father's cattle at $25 per head; he bought six head." Upon cross-examination, he said: " This was in the last of September or first of October, 1872."

This was the entire testimony to show the defendant's liability, or to fix the time when the cause of action accrued. It is evident that the witness was not present at the sale, and that the decedent's admission was the only evidence of any liability. If it is conceded that the decedent's admission that he had bought the appellee's "cattle at $25 per head" implies

that he had not paid for them ; it does not imply that any credit was given, and hence the cause of action accrued at once. When a sale is made, and nothing is said as to the time or manner of payment, the law implies that the payment is to be made in cash at the time of delivery, and if the admission establishes any liability, it shows that the cause of action accrued at the time the sale was made. Benjamin Sales, sections 617 and 706.

As the sale was made nearly seven years before the suit was commenced, the action was barred by the statute. If a credit in fact was given, and expired within six years before the commencement of the suit, the duty rests upon the appellee to prove it. From such an admission, the law will not imply it. For these reasons, we think the motion for a new trial was well taken, and for the error in refusing it the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to sustain appellant's motion for a new trial.