Filed March 7, 1884.

---

No. 10,135.

## HACKLEMAN v. BOARD OF COMMISSIONERS OF HENRY COUNTY.

CONTRACT.—*Part Resting in Parol.*—*Evidence.*—*Statute of Limitations.*— Where a demand upon contract can not be established without the assistance of parol evidence, and therefore rests partly in writing and partly in parol, the bar of the statute of limitations is six years.

SAME.—*County Commissioners.*—*Record.*—*Pleading.*—*Presumption.*—A county is bound by contract to pay a claim barred by the statute of limita-

tions, only where its agreement appears by the record of the county board, and in pleading such agreement it will be presumed to rest in parol unless the record is averred.

From the Henry Circuit Court.

*J. M. Morris*, for appellant.

*J. H. Mellett* and *E. H. Bundy*, for appellee.

HAMMOND, J.—The appellant filed his petition before the board of commissioners of Henry county on April 6th, 1881, stating that the commissioners of said county had, on July 22d, 1862, made an order appropriating from the county treasury $8.33 per month to be paid for a period not exceeding three years from the date of the muster-in of the regiment to each enlisted man who should volunteer into either one of two companies to be raised from that county for the 69th Regiment of Indiana Volunteers. The order, a copy of which is filed with the petition, provided that the captains of said companies should certify to the auditor of the county the names of the enlisted men, with the date of the muster-in of the regiment; that such certificate should be recorded in the records of the county board, and that the auditor, in issuing warrants, etc., should be governed by the date of muster-in as shown by such certificate. The petition alleges that the appellant, who was a resident of said county, enlisted on July 25th, 1862, under said order of the county board, expecting to receive the benefit thereof, and intending to go into one of said companies of the 69th Regiment, but that, without his consent, he was mustered into Company "F" of the 84th Regiment of Indiana Volunteers, where he served as a private in the military service of the United States for three years and one month, and procured and filed with the county auditor the certificate of the captain of said Company "F" of said 84th Regiment, showing the date of the appellant's enlistment, the date of the muster-in of said regiment and the time of the appellant's service therein. The appellant asked for an allowance of $300. The

county board sustained a demurrer to the petition. The appellant appealed to the circuit court, where the demurrer was refiled and again sustained to the petition. From that decision an appeal was taken to this court, and the judgment of the circuit court was reversed. *Hackleman* v. *Board, etc.,* 78 Ind. 162.

On the case being remanded to the court below the appellant filed an amended petition, restating the facts contained in his first petition, and setting out the affidavit made by him before the recruiting officer at the time of his enlistment. The appellee answered the amended petition in three paragraphs: 1. The general denial; 2. That the appellant's cause of action did not accrue within six years next before the commencement of his action; 3. That the appellant's cause of action did not accrue within fifteen years next before the commencement of his action. The appellant demurred to the second and third paragraphs of the answer. The demurrer was overruled; he excepted and replied to said second and third paragraphs: 1. By restating the substantial averments of his petition; 2. That within six years last past the appellee had acknowledged said debt and agreed to pay the same; 3. That after the decision of this case in the Supreme Court, and while the appellee's petition for a rehearing was pending therein, the appellee agreed that, if the Supreme Court adhered to its first opinion, the appellee would make an order allowing the appellant's claim; 4. General denial. The appellee's demurrer was sustained to the first, second and third paragraphs of the reply, to which the appellant excepted. The general denial was then withdrawn from the answer and from the reply, and judgment was rendered for the appellee for costs. Errors are assigned in this court that the court below erred in overruling the appellant's demurrer to the second and third paragraphs of the appellee's answer, and in sustaining the appellee's demurrer to the first, second and third paragraphs of the appellant's reply.

The oath taken by the appellant on his enlistment and the

certificate of the captain of Company F, 84th Regiment of Indiana Volunteers, are not referred to in the order of the county board making the offer to those who should enlist in two companies of the 69th Regiment of Indiana Volunteers, and are consequently no part of said order. In order to recover, it would be necessary for the appellant to prove that he accepted the offer of the county board, enlisted in the service of the United States from Henry county before said two companies of the 69th Regiment were filled by recruits from said county; that he intended to go in to one of said companies, and was, against his will, put in said Company "F," of the 84th Regiment, and that he served in said Company "F" as an enlisted man for some period of time. As the appellant's claim could only be made out by the assistance of oral evidence, his claim rested partly in writing and partly in parol. In such case the six years' statute of limitations applies. In *Board, etc.*, v. *Shipley*, 77 Ind. 553, which, in all essential respects, was like the present case, it was said: "A contract can not be said to be in writing * * * so as to run twenty years, unless the parties thereto, as well as its entire terms and stipulations, can be gathered from the instrument itself, or from some other written instrument referred to therein, without the aid of parol evidence to ascertain either. If parol evidence has to be resorted to in order to ascertain the parties to a contract or its terms, the reason for extending the period of limitations to twenty years fails; and, though the contract may be partly in writing, yet, as it rests partly in parol, the six-year period of limitations applies as well as if the contract had rested entirely in parol."

There was no error in overruling the appellant's demurrer to the second paragraph of the appellee's answer. The second paragraph of the answer being sufficient, the third, setting up the fifteen years' statute of limitations, need not be considered.

The first paragraph of the reply, attempting to show that the contract was all in writing, failed to do so. The second

and third paragraphs of the reply did not aver that any record was made of the agreements therein alleged to have been made by the appellee, and were, for that reason, if for no other, insufficient. The county board could not, in any event, bind the county by agreements of the kind mentioned, without making a record thereof. As no record is averred, the promises are presumed to have been made orally, and the county is not bound thereby.

*Board, etc.,* v. *Shipley, supra,* which is decisive of the present case against the appellant, has been cited with approval in *Stagg* v. *Compton,* 81 Ind. 171 ; *Pulse* v. *Miller,* 81 Ind. 190 ; *Board, etc.,* v. *Miller,* 87 Ind. 257 ; *McCurdy* v. *Bowes,* 88 Ind. 583 ; *High* v. *Board, etc.,* 92 Ind. 580.

We find no error in the record, and the judgment of the court below is affirmed, at the appellant's costs.

Filed March 12, 1884.