Tomlinson *et al.* v. Briles.

No. 11,735.

TOMLINSON ET AL. *v.* BRILES.

PRACTICE.—*Instructions.*—*Harmless Error.*—Where there is no dispute as to the fact that work and labor was performed, and the only dispute is as to the person liable to pay for the work and labor, an omission, in an instruction enumerating the facts which the plaintiff must prove in order to entitle him to a recovery, to state that he must prove performance, is a harmless error, not warranting a reversal of the judgment.

EVIDENCE.—*Cross-Examination.*—*Harmless Error.*—Where a witness is fully cross-examined, an erroneous ruling, denying the right to ask one question on cross-examination, is a harmless error.

SAME.—*Contract.*—*Written and Verbal.*—Although a contract partly written and partly oral is a mere verbal contract, still the writing is competent evidence.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellants.

*D. Moss, R. R. Stephenson* and *H. A. Lee*, for appellee.

ELLIOTT, J.—The evidence shows, without conflict, that work was done by the appellee in grading the bed of a railroad, and the only conflict in the evidence was as to whom the appellee had a right to look for compensation. As there was no conflict in the evidence upon the question of performance of the work, no harm was done the appellant by the first instruction which left out the element of performance in stating the facts which it was incumbent upon him to prove. Had there been any conflict in the evidence as to whether the appellee did do the work, then the instruction would have been erroneous, and in such a material particular as to require a reversal, but, as there was no dispute upon this point, there was no material error in the instruction.

On the cross-examination of John T. Davis, one of the assignors of the appellee, the appellant's counsel proposed to ask whether he, the witness, did not look to Simmons, Aylshire & Co., the contractors, for compensation, and not to the appellants, but the court refused to permit the question to be answered. The appellants were, however, permitted

to cross-examine in detail as to all the facts of the transaction, and we can not perceive that any substantial injury was done them in refusing to permit an answer to the question propounded by them. As the facts were fully developed, and without restriction upon the right to cross-examine, we can not hold that there was any material error in refusing to allow the witness to answer the general question asked, and it is only for material errors that judgments are reversed.

A written contract between the appellants and Simmons, Aylshire & Co., was admitted in evidence, and of this ruling complaint is made, upon the ground that it was subsequently modified by parol, and that the writing was no longer evidence of the contract. It is no doubt true that a contract partly in writing and partly in parol becomes a mere verbal contract. Where it is necessary to resort to oral evidence to establish terms of the contract, then the whole contract is regarded as a verbal one. *Board, etc.,* v. *Shipley,* 77 Ind. 553 ; *Pulse* v. *Miller,* 81 Ind. 190 ; *Gordon* v. *Gordon,* 96 Ind. 134; *Board, etc.,* v. *Miller,* 87 Ind. 257 ; *McCurdy* v. *Bowes,* 88 Ind. 583, *vide* p. 585; *High* v. *Board, etc.,* 92 Ind. 580; *Hackleman* v. *Board, etc.,* 94 Ind. 36, *vide* p. 39. But while it is true that the contract became a verbal one by the changes made in its terms, still the writing was competent evidence, just as a letter, a written admission, or the like, would be in the case of a contract not evidenced in whole or in part by a written instrument. *Stagg* v. *Compton,* 81 Ind. 171.

Judgment affirmed.

