JULIA ANN COVER, by her Father and next friend, HEZEKIAH CASHOUR *vs.* DAVID E. STEM, Executor of DAVID ENGEL, of P.

*Testamentary paper—Act of 1884, ch. 293, requiring at least Two witnesses to Bequests of Personal estate—Obligation for the Payment of money.*

An instrument in the following form was made and delivered to the person therein named:

"MD., September 4, 1884.

"At my death, my estate or my executor pay to July Ann Cover three thousand dollars.

Witness:                    DAVID ENGEL, of P., [SEAL.]
COLUMBUS COVER."

In an action of debt on this instrument, as a writing obligatory, after the death of the maker, against his executor, it was HELD:

That it was a testamentary paper and not an obligation for the payment of money, and no recovery could be had thereon.

And this construction cannot be affected by the fact, that the instrument, being testamentary in its character, must fail of effect, because of insufficient witnesses, under the Act of 1884, ch. 293, which requires at least two witnesses to bequests of personal estate.

To create a valid obligation for the payment of money the relation of debtor and creditor must be created and subsist in the life-time of the parties to the instrument, although the time of payment may be deferred until after the death of one of the parties.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, and BRYAN, J.

29                    v. 67.

Cover vs. Stem, Ex'r.

*James A. C. Bond,* and *Wm. H. Thomas,* for the appellant.

*Charles B. Roberts, Attorney-General,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This is an action of debt brought by the appellant against the appellee as executor of David Engel, deceased, to recover the sum of three thousand dollars, alleged to be due and owing by virtue of what is described in the declaration as a writing obligatory, made and delivered by the appellee's testator, on the 4th day of Sept., 1884.

The declaration contains several counts, all founded upon the supposed writing obligatory; and which writing was filed with the declaration, and, by agreement, is incorporated in and made part of the declaration. The appellee demurred to the entire declaration, and the Court below sustained the demurrer, and gave judgment for the defendant. It is from that judgment that this appeal is taken.

The instrument declared on is in the following form:

"Md., September 4th, 1884.

At my death, my estate or my executor pay to July Ann Cover the sum of three thousand dollars.

Witness:            DAVID ENGEL, OF P. [SEAL.]

COLUMBUS COVER."

It is contended, on the part of the appellant, that this instrument is a bill obligatory, and imports a legal obligation of the maker, the time of payment only being deferred until after his death, when his administrator or executor was directed to pay the amount. While, on the other hand, it is contended by the appellee, that the instrument has all the characteristics of a testamentary paper, and did not, in any proper sense, create a legal obligation upon the maker, such as that of a bond or single bill.

What the consideration may have been to induce the maker to pass such an instrument, does not appear. But it is insisted that the seal to the instrument imports a sufficient consideration for the obligation of the maker; and this, as a general proposition, is certainly true, as applied to bonds and deeds generally. But still the question here is, whether the instrument declared on be in its *nature* a bill obligatory, binding and conclusive upon the maker, or whether it be a mere posthumous disposition of three thousand dollars, part of his estate, to be paid by his executor, as any other pecuniary legacy given by the testator.

An obligation is defined to be a deed in writing, whereby one man doth *bind himself to another* to pay a sum of money, or do some other thing. *Shep. Touch.*, tit. *Obligation, p.* 367. The same definition is given in *Com. Dig.*, tit. *Obligation*, (*B,*) and in *Bacon's Abr. tit. Obligation* (*B.*) It is true, no precise form of words is necessary to create a bond or obligation. Therefore, any memorandum in writing under seal, whereby *a debt* is acknowledged to be owing, will obligate the party to pay; for it is said that any words which prove a man to be a *debtor*, if they be under seal, will charge him with the payment of the money. *Core's Case, Dyer*, 226; *Shep. Touch.*, 368, 369–70, *and Bac. Abr. Obligation* (*B,*) and the examples there given of what form of words will be sufficient to create a valid obligation. It is, however, laid down in *Bac. Abr. Obligation* (*B,*) as essentially necessary, to create a valid obligation, that words be employed to declare the intention of the party, and which must clearly denote *his being bound;* "because such obligation is only in the nature of a contract, or a security for the performance of a contract, which ought to be construed according to the intention of the parties." In other words, there must be terms employed to create a *debitum in presenti*, though the *solvendum* may be in *futuro*, and even after the death of the

obligor. It would seem to be clear, that the relation of debtor and creditor must be created and subsist in the life-time of the parties to the instrument, though the time of payment may be deferred until after the death of one of the parties. *Shep. Touch.*, 368, 369; *Hannon vs. The State*, 9 *Gill*, 446; *Carey vs. Dennis*, 13 *Md.*, 1; *Sto. Pro. Notes, sec.* 27.

Here, in the instrument before us, there are no words that create a *debitum in presenti;* there are no words that create the relation of debtor and creditor in the life-time of the parties to the instrument; but the words employed simply import a posthumous disposition of a part of the estate of the maker of the instrument, and nothing more.

This case is not substantially distinguishable from the case of *Byers vs. Hoppe*, 61 *Md.*, 206. In that case, Hoppe, the writer of the letter to Ann Byers, the party to whom the letter was addressed and *delivered*, said: "Ann, *after my death*, you are *to have* forty thousand dollars; this you are to have, *will or no will;* take care of this *until my death.*" That was declared to be a testamentary paper; and the only real distinguishing feature between the paper in that case and the paper in this is, that the paper in the former was not under seal, and the paper in this case is. That, however, can make no substantial distinction in determining the real character of the instrument; as wills are more frequently executed under seal than otherwise. Nor can the fact that the instrument was delivered to the party to whom payment was directed to be made, change the real nature of the instrument. For the principle is well settled, that an instrument may be in the form of a deed, signed, sealed and delivered as such, and still, if it be apparent that the party intended a posthumous disposition of his property, the instrument not being operative until after his death, such instrument will be regarded as testamentary.

A will is defined to be any instrument whereby a person makes a disposition of his property to take effect after his death. By the terms of the instrument in question, the three thousand dollars are simply directed to be paid out of his estate by his executor. No language could be more expressive of a testamentary purpose. And this Court has declared, in *Carey vs. Dennis,* 13 *Md.,* 17, adopting the language of Mr. Justice BULLER, in *Habergham vs. Vincent,* 2 *Ves., Jr.,* 231, that "the cases have established that an instrument in any form, whether a deed-poll or indenture, if the obvious purpose is not to take place till after the death of the person making it, shall operate as a will."

It is urged, however, in argument, that as the instrument in question was made since the Act of 1884, ch. 293, requiring at least two witnesses to bequests of personal estate, it is ineffectual as a testamentary paper, because it has but one witness, and therefore it should, if possible, be construed to have effect as a bond or obligation. But whether the instrument shall be declared a valid obligation, or to have a testamentary character only, must be determined from the terms and provisions of the instrument itself. *Carey vs. Dennis,* 13 *Md.,* 17. We have shown that the instrument has not the essential terms to create a *debitum,* personally binding the deceased in his life-time; and this construction cannot be affected by the fact, that the instrument being testamentary in its character, must fail of effect, because of insufficient witnesses under the statute.

It follows that the judgment of the Court below must be affirmed.

*Judgment affirmed.*

(Decided 22nd June, 1887.)