Kraft v. Thomas, Executor.

Filed May 3, 1890.

---

No. 14,291.

KRAFT v. THOMAS, EXECUTOR.

PROMISSORY NOTE.— *Written Instrument.*—An instrument reading: "Oct. 15th, 1864. For value received of C. P. Coleman, three hundred dollars, in full, with use or bearer, waivin valuation and appraisement laws. Paid when kald for. Edward Kraft," is a promissory note.

SAME.— *Demand.— Right of Action.— When Accrues.—Statute of Limitations.—* Such instrument being payable generally, at no particular place, on demand, a demand is not necessary as a condition precedent to the right to sue upon it; and hence the right of action accrued at its date, and the statute of limitations began to run from that time.

123 513
141 325
123 513
164 643
e164 644

SAME.—*Demand.*—*When Must be Made.*—Where a demand is a condition precedent to the right to sue, the demand must be made within the period of limitation.

From the De Kalb Circuit Court.

*E. D. Hartman,* for appellant.

*C. A. McClellan,* for appellee.

COFFEY, J.—This was a suit by appellee against the appellant upon the following instrument of writing, viz.:

"October 15th, 1864.

"For value received of C. P. Coleman three hundred dollar, in full, with use or bearer, waivin valuation and appraisement laws.    Paid when kald for.

"EDWARD KRAFT."

The complaint alleges that C. P. Coleman died, testate, on the 4th day of March, 1886, and that the appellee is his duly qualified executor; that after qualifying as such executor he called upon the appellant and presented said note, and demanded payment thereof, and that the appellant promised to pay the same in a short time; that he has since failed and refused to pay the same, and that the same is due and remains unpaid.

To this complaint the appellant filed the following answer: "The defendant, Edward Kraft, for answer to the plaintiff's complaint, admits the execution of the instrument of writing sued on in this cause, but says that the cause of action set forth in the plaintiff's complaint did not accrue within twenty years before the death of the plaintiff's testate, said Conrad P. Coleman."

The court sustained a demurrer to this answer, and the appellant excepted.

The correctness of this ruling is the only question before us for consideration.

The appellee has not favored us with a brief in this cause, and we are not informed as to the ground upon which the court sustained the demurrer to this answer.

The instrument of writing set out with the complaint is a promissory note. *Long* v. *Straus*, 107 Ind. 94; *Witty* v. *Michigan Mutual Life Ins. Co.*, 123 Ind. 411.

The complaint in the cause proceeds upon the theory that the note is of such a character that no action could be maintained upon it unless such action was preceded by a demand of payment.

The answer above set out proceeds upon the theory that an action could be maintained upon this note without a previous demand, or if a demand was a condition precedent to a right to sue, that unless such demand was made within the period of the statute of limitations the right of action was barred.

This note is one payable generally, at no particular place, on demand. On such a note no demand is necessary before the commencement of an action to recover the amount thereof, the commencement of suit being a sufficient demand. *Bradfield* v. *McCormick*, 3 Blackf. 161; *Fankboner* v. *Fankboner*, 20 Ind. 62; *Burnham* v. *Allen*, 1 Gray, 496; *Mercer* v. *Patterson*, 41 Ind. 440.

A period of more than twenty-one years elapsed between the date of the note in suit and the death of the payee, so that if a right of action existed without a demand the right was barred at the time of the death of the testator, for the statute begins to run when the right of action accrues. *Wright* v. *Tichenor*, 104 Ind. 185; *Rous* v. *Walden*, 82 Ind. 238; *Ware* v. *State, ex rel.*, 74 Ind. 181.

But conceding that a demand was a condition precedent to the right to sue, still we think the right of action is barred, for the reason that the demand must be made within the period of limitation. *High* v. *Board, etc.*, 92 Ind. 580; *Newsom* v. *Board, etc.*, 103 Ind. 526.

In the case of *High* v. *Board, etc.*, *supra*, the authorities upon this subject are collected, and this court, after a careful consideration of them, said: " Although the cause of action did not accrue until a demand was made, yet the de-

mand should ha've been made within a reasonable period from the time it might have been made. A reasonable time, in the absence of circumstances justifying or excusing a longer delay, is the time limited by statute for the commencement of the action. If the rule was otherwise, a party, by his own act or failure to act, could preclude the running of the statute of limitations until such time as might suit his interest, convenience, or pleasure to put it in motion."

Guided by these adjudications we are required to hold that the court erred in sustaining the demurrer to the answer now under consideration.

Judgment reversed, with directions to the circuit court to overrule the demurrer to the first paragraph of the appellant's answer, and for further proceedings not inconsistent with this opinion.

Filed May 2, 1890.