Ward v. Bush.

The verification of the answer appears to be in the common form.

The application is denied, with costs.

CLARENCE D. WARD

v.

LAURA BUSH et al.

[Filed February 5th, 1900.]

1. A legacy given to discharge an obligation will not lapse by the legatee's death prior to that of testator.

2. A legacy declared to be "for value received" will be presumed to have been given to discharge an obligation so as to preclude a lapse by the legatee's dying before the testator, in the absence of evidence to the contrary.

On final hearing.

*Messrs. Vail & Ward,* for the complainant.

*Mr. Edward S. Savage,* for the defendants Daly and Tyrrell, executors.

*Mr. Otto Crouse,* for the defendants Bush and others.

STEVENS, V. C.

By her will Mary A. Van Ortwick made the following bequest: "*Item.* I give and bequeath unto Dr. J. J. Daly, of Rahway, N. J., the sum of one thousand dollars for value received." Dr. Daly died in the lifetime of testatrix, and the question is whether the legacy lapsed. The rule is that a legacy does not lapse when given to pay a debt. It has been so held even

Ward *v.* Bush.

where the debt was barred by the statute of limitations at the time testator made his will. *Williamson* v. *Naylor, 3 Younge & Coll. Ex. 208; Philips* v. *Philips, 3 Ha. 281; Turner* v. *Martin, 7 DeG., M. & G. 429.* The case is said to be one of mingled bounty and obligation, and the rule with reference to the lapsing of legacies, being itself founded on presumed intention, is held not to be applicable, where the intent appears to be to discharge a duty—a duty which, manifestly, is owing as well to the estate of the creditor as to the creditor himself. On much the same principle a legacy given to and accepted by a widow in lieu of dower is not subject to abatement proportionately with other legacies on a deficiency of assets, for the legacy is considered as a purchase of the dower. *Heath* v. *Dendy, 1 Russ. \*546; Williamson* v. *Williamson, 6 Paige 305.*

In the case at bar there is enough to show that the legacy was given not as mere bounty but in discharge of an obligation. It need not appear to have been an exact equivalent to it. *Philips* v. *Philips, 3 Ha. 292.* The testatrix says that she gives it "for value received." These words, as well understood by laymen as by lawyers, raise the presumption of a legal consideration moving from the promisee sufficient to sustain the promise. *Holliday* v. *Atkinson, 5 Barn. & C. \*501; Clayton* v. *Gosling, 5 Barn. & C. \*360.* It is so held not only in the case of notes and bills but of other contracts (*Whitney* v. *Stearns, 16 Me. 397*), and even of deeds of land. *Jackson* v. *Alexander, 3 Johns. 493.* In the case last cited, where the deed was expressed to be for "value received" and could only operate as a bargain and sale under the statute of uses, Chief-Justice Kent says: "'Value received' is equivalent to saying money was received or a chattel was received. It is an express averment *ex vi termini* of a *quid pro quo.*"

In the case at bar no evidence was offered on either side. There being, however, in the will itself an admission of valuable consideration received, the bequest comes within the above-mentioned rule and must be held not to have lapsed by Dr. Daly's death in testatrix's lifetime.

*Duncan* v. *Franklin Township, 16 Stew. Eq. 144,* it was said,

10

lays down a contrary rule. But the decision there was placed upon the ground that the expression "his services in assisting me at different times" did not, standing alone, import obligation. It might have had reference to mere voluntary courtesy. Here the words do, *prima facie*, import obligation. They import such consideration as would, in an action at law, support a promise. They must, therefore, in this court, suffice to indicate an intention on the part of testatrix to discharge a legal obligation and not to confer a mere bounty.