SARAH B. HAINES v. EDWARD ROGERS ET AL., EXECU-
TORS, &c., OF NATHAN HOLLINSHEAD, DECEASED.

Submitted December 9, 1904—Decided November 13, 1905.

A count stating that N. H., in his lifetime, was indebted to the plaintiff in the sum of $500, and made a writing by which he ordered his executors to pay, one year after his death, to plaintiff the sum of $500, does not state a cause of action against the executors. There is no statement of a promise to pay nor statement of a delivery of the paper. The paper set out is testamentary.

---

On demurrer to the first and second counts in the declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the demurrant, *Charles Ewan Merritt.*

*Contra, Henry S. Scovel.*

The opinion of the court was delivered by

REED, J.  This is an action against the executors of Nathan Hollinshead.  The first count sets out that Nathan Hollinshead, in his lifetime, became indebted to the plaintiff in the sum of $500, and thereupon, in full consideration, did make a certain writing, bearing date May 1st, 1888, by which writing he did order and direct his executors named in his will to pay said plaintiff, one year from the date of his death, the sum of $500; that said Nathan Hollinshead died November 2d, 1903, testate, having appointed the defendants executors; that the will was duly probated; that the plaintiff presented her said claim in writing to both of them, who refused to pay it and notified her to bring suit therefor.  There is attached to the declaration a writing, presumably the one alluded to in the declaration, but it is not made, by reference thereto, a part of the declaration itself.  The question before us is whether the first count, as it stands, presents a cause of action.

It is clear that the mere statement that the deceased was indebted to the plaintiff presents no cause of action.  There must be a statement of a promise to pay, whether the promise is express or implied.  1 *Chit. Pl.* 302.

But considering the statement of indebtedness as an allegation of a valuable consideration, does the written order create a right of action?

The writing itself contains no admission of the existence of a debt.  The pleader does not say that the written order was executed to pay $500, being the amount which he was indebted to the plaintiff.  Nor as a promise to pay a debt would it have any efficacy, for it never was delivered to the plaintiff and was revocable at any time.  Indeed, the writing seems to have been testamentary in character and void for want of proper execution as a will.

In *Cover* v. *Stem,* 67 *Md.* 449, an order by the deceased upon his executors to pay at his death to a certain person a certain sum, was held to be void, as testamentary in character, although sealed, thus importing a consideration and also delivered.

Upon the first count judgment must be for the demurrant:

The remainder of the declaration contains the common counts, without reference to the paper writing, so are good.

Upon this there must be judgment for the plaintiff.