E. M. ROBBINS, Respondent, v. ESTATE OF ROBBINS, Appellant.

**St. Louis Court of Appeals, June 24, 1913.**

1. **BILLS AND NOTES: Payee Named in Alternative: Law of Illinois.** Under the law of Illinois, an instrument by which the promisor agrees to pay a certain person or family a specified amount is not good as a promissory note, for the reason that the payee is designated in the alternative.

2. **EXECUTORS AND ADMINISTRATORS: Probate Courts: Claims Against Estates: Written Instruments: Pleading.** Under Sec. 206, R. S. 1909, when a claim against an estate is predicated upon a written instrument executed by decedent, the filing of such instrument in the probate court is a sufficient demand, provided it affords the personal representative notice of the nature of the demand and is sufficiently specific to apprise him of the facts involved.

3. **CONTRACTS: Construction.** In an action on a contract, it is the duty of the court to effectuate the intention of the contracting parties, as revealed on the face of the contract.

4. **————: Bills and Notes: Joint or Several Action: Parties.** An instrument executed in Illinois by which the promisor promised, "on demand, after death," to pay a designated person "or family" a certain sum, "for value received in board," while not good as a promissory note, under the law of that State, was nevertheless a valid and enforcible contract, and the interest of the person designated as payee was not a joint interest with his family, but the interest of each was several,

175 Mo. App. 39

so that either could maintain an action to enforce the contract, without joining the other, and a recovery by either would bar a recovery by the other.

5. ——: **Testamentary Contracts: Revocability.** An instrument which first speaks by way of vesting an interest after the death of the person executing it is regarded as testamentary in character and is subject to revocation by a subsequent will.

6. ——: ——. An instrument which, for a valuable consideration, obligated the promisor to pay a certain sum of money, created a present vested interest in the promisee, and the fact that payment was not to be made until demand after the death of the promisor did not render it testamentary in character and unenforcible.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

A ffirmed.

*Wm. K. Koerner* and *Chilton Atkinson* for appellant.

(1) The alleged note sued on in this case being payable to several payees in the alternative (and undefined payees at that, as the word family has no definite limitations), was void. A bill is void for uncertainty of the payee, not only as a bill, but as a contract, upon the ground of utter uncertainty of the person with whom the contract is made. Story on Bills (4 Ed.), sec. 54, p. 66; Musselman v. Oakes, 19 Ill. 81; Story on Promissory Notes (2 Ed.), p. 39. This rule prevails in the State of Illinois, where the note sued on was made and delivered and upon which its validity and construction are dependent. Musselman v. Oakes, supra. (2) The instrument sued on in this case was testamentary in its character and therefore void, as not containing the requisites of a testament. The attendant circumstances and conversation show conclusively that the existence of a bona-fide indebtedness was not in the minds of either party and that the document was

designed by the parties to create a legacy in favor of respondent. Murphy v. Gabbert, 166 Mo. 602. Whatever the form of the instrument, if it appoints what is to be done after the death of the maker, it is testamentary in character. Murphy v. Gabbert, supra.

*Henry Higginbotham* and *Pierce B. Barnard* for respondent.

(1) Where a note is payable to A or B, and A and B at the time are not strangers to each other, the word ''or'' is not used to connect alternatives, but to show a relation of representation, substitution or succession— and the note is not in the alternative—and may be enforced as a note or, at any event, as a valid contract. Collyer v. Cook, 28 Ind. App. 272; Knight y. Jones, 21 Mich. 161; Young v. Ward, 21 Ill. 223; Wells v. Moore, 68 Mo. App. 499; Tenny v. Lashley, 80 Mo. 664; Noxon v. Smith, 127 Mass. 485; Gaytes v. Hibbard, 5 Biss. (U. S.) 99; Ins. Co. v. Young, 38 N. H. 451; Keniston v. Adams, 80 Maine, 295; 7 Cyc. 568; 1 Randolph on Commercial Paper (2 Ed.), sec. 155. (2) An instrument in the form of a note payable after the death of the maker out of his estate is a promissory note, and not an attempt to make a will or testamentary disposition of property. Maze v. Baird, 89 Mo. App. 348; Kelley v. Hemmingway, 13 Ill. 604; 1 Randolph on Com. Paper (2 Ed.), sec. 113; 1 Daniel on Neg. Inst. (5 Ed.), sec. 46; Story on Promissory Notes (7 Ed.), sec. 27; 4 Am. & Eng. Ency. of Law (2 Ed.), 92, note 2; 7 Cyc. 598; Bristol v. Warner, 19 Conn. 7 (''on demand after my decease'').

NORTONI, J.—This suit originated in the probate court, through the filing of a demand for allowance against the estate of a deceased person. It found its way to the circuit court on appeal, where the finding and judgment were for plaintiff. From this judgment the appeal here is prosecuted.

The demand so filed against the estate and in judgment is as follows:

"$106                    "St. Louis, Aug. 9, 1903.

On demand after death I promise to pay to the order of E. M. Robbins or family one hundred dollars, payable at  . . . .

Value received in board from time to time from 1892 to time of death, negotiable and payable without defalcation or discount with interest at the rate of 7 per cent per annum, from  . . . .

HARRIET ROBBINS.

Witness:

S. H. FERRIS.

Endorsements."

It appears that plaintiff, E. M. Robbins, to whom the promise of payment appears by the above instrument to have been made, resided in the State of Illinois at the time of its execution.  It appears, too, that the decedent, Harriet Robbins, executed and delivered to E. M. Robbins the instrument in the State of Illinois, whereby she promised to pay him $100 on demand after her death.  Because the contract appears to have been executed and delivered in the State of Illinois, a decision of the Supreme Court of that State touching promissory notes made payable in the alternative was introduced in evidence.  It is insisted that, as the promise in the instant case is to pay to the order of "E. M. Robbins or family," no recovery may be allowed thereon.  There can be no doubt that such is the law of Illinois, when the instrument in suit is relied upon as a promissory note.  It is said promissory notes must be payable to a certain person, either specified on the face of the note, or one who may be certainly identified by proof *aliunde* the note not inconsistent with the face of the note, as the assignee or bearer.  [See Musselman v. Oakes, 19 Ill. 81.]  In other words, the degree of certainty required by the law merchant in a promissory

note affords a rule which inhibits the designation of the payee therein in the alternative. [See 7 Cyc. 568.] But though such be true, it is certainly competent for the parties to contract between themselves for the payment of money in the manner here employed. It does not appear that the instrument above copied and which itself was filed as the foundation of the suit in the probate court is proceeded upon or asserted as a promissory note. The peculiar attributes of a negotiable promissory note are neither invoked nor involved in the case here, for it proceeds between the original parties to the instrument. It does not appear that the contract, whatever it may be, has been negotiated, but on the contrary, E. M. Robbins, one of the payees therein, filed it for allowance in the probate court against the estate of Harriet Robbins, the maker, who executed and delivered it to him several years prior to her death.

Our statute (Sec. 206, R. S. 1909) authorizes the probate court to hear and determine all demands filed against the estate of a deceased person in a summary way without the form of pleadings. From this it appears that it is not necessary to declare upon the instrument, as by filing a petition on a promissory note, and, indeed, no such course was pursued. E. M. Robbins, the payee, first named therein, merely filed the instrument in the probate court for allowance against the estate and gave the notice required by statute with respect to the matter. As the statute referred to expressly dispenses with formal pleadings in the probate court, it is clear that, when the demand relied upon is one executed in writing by the decedent, as here, for the direct payment of money in a sum certain at a given time, it is sufficient to file it alone as a claim against the estate, provided it affords the administrator notice of the nature of the demand and is sufficiently specific to apprise him of the facts involved. [See Watkins v. Donnelly, 88 Mo. 322.]

Conceding that the instrument is not a promissory note, it appears on its face to be a special contract in writing executed by defendant whereby she promised to pay E. M. Robbins or his family $100 on demand after her death.    This is the amount for which the court gave judgment.   No interest whatever was allowed.   It appears from the evidence that an ample consideration was given for the promise.    Indeed, there is an abundance in the evidence tending to prove that the maker received board and lodging at the home of E. M. Robbins after the execution of the instrument, and the court expressly so found the fact to be, as the declarations of law reveal.   This being true, no valid reason appears why the special contract, though not a note, should not be enforced according to the manifest intention of the parties.    It cannot be said that the promise is unenforcible by one promisee—that is, E. M. Robbins— alone, for the reason a joint right obtains in him and his family thereabout, for the contract speaks otherwise on the subject.    The promise is not to pay both; neither is it to pay one rather than the other, but, on the contrary, it is to pay to the one or the other.    It is the duty of the court to effectuate the intention of the parties to the contract, as such intention is revealed on the face of the instrument.    Here, it appears Harriet Robbins agreed to pay, not both, but either E. M. Robbins or his family.    It is certain, therefore, that had she paid either E. M. Robbins or his family, the obligation assumed would have been fully discharged thereby, for such would fully comply with the agreement. Either E. M. Robbins or his family was authorized to accept payment and give an acquittance therefor. Such being true, a recovery at law by either E. M. Robbins or his family would operate to bar a recovery by the other on the same instrument.    So the recovery here by E. M. Robbins may be sustained as on a special contract for the payment of money executed in return for a full and valuable consideration received, as dis-

closed in the evidence.  The interest of Robbins is not joint with his family, because the word ''or'' is disjunctive and the interest of each is therefore several. [See Ellis v. McLemoor, 1 Bailey (S. C.), 13; Collyer v. Cook, 28 Ind. App. 272; Record v. Chisum, 25 Tex. 348; see, also, Wells v. Moore, 68 Mo. App. 499; 7 Cyc. 568; 1 Randolph, Commercial Paper (2 Ed.), 155.]

But it is argued the obligation may not be enforced, for the reason that it was not payable until on demand after the death of the party executing it and it is, therefore, testamentary in character.  There can be no doubt that where an instrument first speaks by way of vesting an interest after the death of the party executing it, it is to be regarded as testamentary in character and may be revoked by subsequent will.  But be this as it may, the principle thus sought to be invoked is without influence here, for, by the terms of the writing, a present indebtedness is acknowledged as of the date of its execution, on a valid consideration proved· in the case, and the payment of the debt only is deferred until after the death of the maker.  The evidence reveals a valuable consideration given by Robbins for it by way of board and lodging, and this is verified by the finding of fact.  This alone affords a vested interest in E. M. Robbins *in praesenti,* and the mere fact that the payment is deferred until after the death of the party executing the acknowledgment of such indebtedness is immaterial.  Even commercial paper may be made payable on any event, however remote, which must inevitably happen sometime or other.  A standard authority says: ''Thus it may be payable *on the death* of a certain person, or 'on demand after my decease,' or 'one day after date, or at my death.' ''  The time is sufficiently fixed and the date sufficiently certain.  [See Randolph, Commercial Paper, vol. 1 (2 Ed.), sec. 113; also Daniels, Negotiable Instruments (5 Ed.), sec. 46; see Maze v. Baird, 89 Mo. App. 348; 7 Cyc. 598; 4 Am.

& Eng. Ency. Law (2 Ed.), 92; Tenny v. Lasley, 80 Mo. 664.]

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.