[S. F. No. 7900. In Bank.—November 4, 1918.]

ETTA I. PATTERSON, Appellant, v. M. C. CHAPMAN et al., Executors of the Estate of WILLIAM E. DARGIE, Deceased, Respondents.

[S. F. No. 7901. In Bank.—November 4, 1918.]

ETTA I. PATTERSON, Appellant, v. M. C. CHAPMAN et al., Executors of the Estate of WILLIAM E. DARGIE, Deceased, Respondents.

CONTRACTS—CONSIDERATION—PLEADING.—At common law a seal was necessary in order to create the presumption that an executory contract was founded upon a valuable consideration, and, therefore, if it was not under seal, the rule of pleading was that the complaint or declaration must allege that the contract was executed for a valuable consideration; but as our code declares that a written instrument is presumptive evidence of a consideration, in an action in this state upon an unsealed written instrument as evidence of an obligation to pay money, the common-law rule applicable to sealed instruments prevails, and it is not necessary to make the additional allegation that it was made for a valuable consideration.

ID.—CLAIM AGAINST ESTATE.—If an instrument creates a *debitum in praesenti,* an obligation existing in the lifetime of the obligor, the fact that it is not to be discharged until after the latter's death renders it none the less enforceable as a demand against his estate.

ID.—CREATION OF DEBT.—Any memorandum in writing, regardless of its form, whether payable in money or specific property, whereby a debt is acknowledged by one as owing to another to whom the memorandum is delivered, is sufficient to create such obligation.

ID.—IMPLIED PROMISE.—Although an instrument contains no express promise to pay, where the existence of an indebtedness based upon consideration is acknowledged, the law implies a promise to pay it, and the fact that payment is postponed until after the death of the party so acknowledging it is immaterial.

ID.—CONSTRUCTION OF INSTRUMENT.—Every statement in a written instrument signed by one since deceased, instructing the administrator of his estate to pay to a named person within a definite time after his death a certain sum "for value received," must be considered as his declaration and given effect accordingly, and in the absence of any defense on the ground of fraud, mistake, or want of consideration, each declaration therein made, or necessarily implied

from its language, must be .given the full effect that the meaning carries; and such instrument creates a *debitum in praesenti*, for value, payable out of the estate of the deceased, and is not a gift.

APPEALS from judgments of the Superior Court of Alameda County. William H. Waste, Judge. Reversed.

The facts are stated in the opinion of the court.

McClanahan & Derby, and Peter F. Dunne, for Appellant.

Fitzgerald, Abbott & Beardsley, Eugene E. Trefethen, Stanley Moore, and Edgar D. Peixotto, for Respondents.

THE COURT.—In these two appeals from judgments entered in favor of the defendants the plaintiff attacks the rulings of the court sustaining general demurrers to the complaints without leave to amend.

The question involved in each case is the same.

It appears from the complaints that William E. Dargie made, executed, and delivered to plaintiff an instrument in writing, a copy of which as set out therein is as follows:

"Oakland, Jan. 16–08.

"For value received I hereby instruct the administrator of my estate to pay to Miss Etta Patterson, formerly of Edgewood, Cal., the sum of Fifty Thousand Dollars, within one year from the date of my death—or two years at the least. .Interest at the rate of six per cent per annum is to be paid on said sum, quarterly, till said amount is paid in full. Said fifty thousand dollars may be paid in real estate or stocks and bonds, which I may own at the time of my death, if cash cannot be paid without sacrificing my estate, but said stocks, bonds or real estate, must be the full value of cash at the date of delivery. I desire this request and order to be carried out promptly and without question of any kind.

"W. E. Dargie."

Dargie died testate on February 10, 1911, and thereafter plaintiff duly presented her claim based upon said instrument to the executors of his estate, by whom it was rejected.

Some confusion of thought may arise if there is not kept constantly in mind the difference between the question of the sufficiency of the complaint as a pleading and the question

of the sufficiency of the instrument as evidence of a valid contract or obligation for the payment of money. At common law a seal was necessary in order to create a presumption that an executory contract was founded upon a valuable consideration, and, therefore, if it was not under seal, the rule of pleading was that the complaint or declaration must allege that the contract was executed for a valuable consideration. Our Civil Code declares that "A written instrument is presumptive evidence of a consideration." (Sec. 1614.) Hence it follows that in this state, in an action upon an unsealed written instrument as evidence of an obligation to pay money, the common-law rule applicable to sealed instruments prevails, and it is not necessary to make the additional allegation that it was made for a valuable consideration. (*Henke* v. *Eureka Endowment Assn.,* 100 Cal. 429, [34 Pac. 1089]; *Hall* v. *Williams,* 79 Cal. 606, [21 Pac. 965].) Hence the complaints are not rendered bad because of the failure to make such allegation.

The sole question presented for determination is whether or not the writing upon which plaintiff relies is in form and character testamentary as held by the trial court, or as claimed by appellant it is a contract by virtue of the execution and delivery of which Dargie in his lifetime created an obligation to be discharged after his death by his executors.

If the instrument created a *debitum in praesenti,* an obligation existing in the lifetime of the obligor, the fact that it was not to be discharged until after Dargie's death renders it none the less enforceable as a demand against his estate. (8 Cyc. 1007.) "Where a testator has not in a paper payable *postmortem* recognized himself either by intendment or language as under legal indebtedness to the party in whose favor it is made, such instrument is without consideration, purely voluntary and testamentary in its character." (*Kirkpatrick* v. *Pyle,* 6 Houst. (Del.) 569.) Any memorandum in writing, however, *regardless of its form,* and whether payable in money or specific property, whereby a debt is *acknowledged* by one as owing to another to whom the memorandum is delivered is sufficient to create such obligation. "Any words which prove a man to be a debtor will charge him with the payment of the money." (*Cover* v. *Stem,* 67 Md. 449, [1 Am. St. Rep. 406, 10 Atl. 231].) Hence, conceding the document in question is not a negotiable instru-

ment, draft, check, or bill of exchange as claimed by respondent, the want of such character is immaterial if terms are employed therein which at the time of its execution created a *debitum in praesenti.* (*Banker* v. *Coons*, 40 App. Div. 572, [58 N. Y. Supp. 47]; *Robbins* v. *Robbins' Estate*, 175 Mo. App. 609, [158 S. W. 400]; *Kirkpatrick* v. *Pyle, supra.*)

It is true the instrument contains no express promise to pay, but where the existence of an indebtedness based upon consideration is acknowledged, the law implies a promise to pay it (*Ward* v. *Bush*, 59 N. J. Eq. 144, [45 Atl. 534]), and the fact that payment is postponed until after the death of the party so acknowledging it is immaterial. (*Robbins* v. *Robbins' Estate, supra; Hegeman* v. *Moon*, 131 N. Y. 462, [30 N. E. 487].)

The instrument being signed by Dargie, every statement therein must be considered as his declaration and given effect accordingly. In the absence of any defense on the ground of fraud, mistake, or want of consideration, each declaration therein made, or necessarily implied from its language, must be given the full effect that the meaning carries. The instrument, therefore, contains a declaration by Dargie that in his lifetime, and before or at the time of its execution, he had received from the plaintiff something of value, a value which he considered equal to fifty thousand dollars, and that for that consideration his executors are ordered and directed to pay to the plaintiff that sum in the manner and at the time specified. This precludes the idea of a gift to her. Its meaning is that he is ordering the payment to be made to her as a return for the value which he had received from her. This makes it a payment or recompense, not a gift. Furthermore, as it was an admission by him that in his lifetime he had received from her that value, not as a gift or as payment of any obligation to him, this fact alone, without any order to his executors to pay, would, in law, raise an implied promise by him to pay her for the benefit so received, and would be a sufficient foundation for a claim against the estate for such value. (*Cover* v. *Stem, supra.*) The only effect of the order, it having been accepted by her, is to merge the implied contract and to modify it so that she is thereby obliged to accept payment at the time and in the manner therein provided.

An examination of the authorities cited by respondent, chief among which is that of *Cover* v. *Stem, supra,* discloses that the instruments under consideration and constituting the subjects of the actions contained no promise and no words which by intendment or otherwise could be construed as acknowledging an indebtedness. Thus, in *Cover* v. *Stem, supra, Moore* v. *Stephens,* 97 Ind. 271, *Pena* v. *New Orleans,* 13 La. Ann. 86, [71 Am. Dec. 506], and other like cases, it was held that in the absence of a promise and without recital or acknowledgment of consideration, an instrument containing a mere direction to the executors to pay the sum mentioned was testamentary in character. And to like effect are the cases in this state, namely, *Wisler* v. *Tomb,* 169 Cal. 382, [146 Pac. 876], and *Tracy* v. *Alvord,* 118 Cal. 655, [50 Pac. 757], both of which involved notes shown to have been given without consideration, and in the first of which such fact appeared from the complaint. On the other hand, in the cases of *Banker* v. *Coons, supra, Robbins* v. *Robbins' Estate, supra, Kirkpatrick* v. *Pyle, supra, Hatch* v. *Gillette,* 8 App. Div. 605, [40 N. Y. Supp. 1016], and *Ward* v. *Bush, supra,* where the instruments were executed under seal, but in addition to the fact presumed therefrom, as in the case at bar, contained the words, "For value received," or those of like import, it was held they created a *debitum in praesenti,* which obligation being established, the law implied a promise to pay it.

The judgments are reversed.

Wilbur, J., dissented.

---

[S. F. No. 8562.    In Bank.—November 4, 1918.]

