FARMERS & MERCHANTS NATIONAL BANK v. LEE, Ex'x.

No. 30682. Dec. 8, 1942.

Reharing Denied Jan. 19, 1943.

*132 P. 2d 931.*

Louis Reilly, of Kingfisher, for plaintiff in error.

Shutler & Shutler, of Kingfisher, for defendant in error.

HURST, J. This is a suit by the bank on a rejected claim under 58 O. S. 1941 § 339. The trial court sustained a demurrer to the petition, and the bank elected to stand on its petition and refused to plead further. Thereupon the cause was dismissed. Plaintiff appeals.

The petition contained these allegations: That J. S. Bozworth, son of Isabelle Bozworth, was indebted to the bank on a promissory note, which was secured by a chattel mortgage on some horses, farm machinery, and crops; that the horses and machinery were used by the son to farm crops on the mother's land, and the mortgaged crops were on her land; that prior to the maturity of the note, the son died leaving his mother as his sole heir; that the horses and machinery so mortgaged were necessary to enable the mother to properly cultivate her land; that the mother was without money to pay the note and secure a release of the mortgage; that the mother agreed that if the bank would forego its right to foreclose its mortgage, she would see to it that the indebtedness "would be paid at some time in the future, and in any event out of her estate after her death should occur"; that the bank agreed, and thereupon the mother signed a written memorandum on the back of the note, as follows:

"Oct. 3, 1929. I hereby authorize and direct the Executors of my estate to pay this note to the Farmers & Merchants National Bank, out of any residue left in my Estate. (Signed) Bell Bozworth. Witness to her signature signed in our presence this 3rd day of October 1929. (Signed) L. A. Ferrell, I. J. Cashion.";

—that the bank, in consideration of said agreement, refrained from foreclosing the chattel mortgage; that the mother died testate on July 25, 1940; that its claim was duly presented to defendant as executrix of her last will and testament, and by her rejected; that the stipulated residue of her estate is available for the payment of said debt. To the petition was attached a copy of the claim, in which a copy of the note and the endorsement thereon, the substance of the agreement, and the keeping of the agreement by the bank, were set forth.

The parties agree that but one question is presented for decision, Did the agreement as alleged, including the memorandum endorsed on the note, create a present binding indebtedness against Isabelle Bozworth with the time of payment only postponed until after her death, or is the transaction testamentary in character? If the former the petition states a cause of action, if the latter it does not. The question is one of first impression in this state.

In support of its argument that the petition states facts which created a present binding indebtedness against

Isabelle Bozworth, and that the transaction is not testamentary, the bank cites, among other cases, Patterson v. Chapman, 179 Cal. 203, 176 P. 37, 2 A. L. R. 1467, and Gostina v. Whitham, 148 Wash. 72, 268 P. 132. And in support of her contention that the petition is based upon a claim testamentary in character, the defendant cites, among other authorities, Cover v. Stem, 67 Md. 449, 10 Atl. 231, 1 Am. St. Rep. 406. The defendant insists that the distinguishing feature is that in the cases holding that the instrument sued on, such as that in the Cover Case, which were held to be testamentary, neither expressly nor impliedly recited a consideration, while in those cases where the instruments involved were held not to be testamentary, such as that involved in the Patterson Case, a consideration was expressly or impliedly recited. The bank answers by saying that it is not suing on the memorandum endorsed on the note only, but on the agreement, for a consideration, to assume the payment of the son's indebtedness, and that under such circumstances it is not necessary for the signed instrument constituting only part of the transaction to recite a consideration, but that a consideration may be alleged to exist so as to establish a binding obligation.

In most of the cases cited by the parties the actions were on written instruments only, or the instruments were admitted to probate. Not so here.

We are of the opinion, and hold, that the petition stated a cause of action, and that the agreement sued on is not testamentary.

In passing on a demurrer to a petition, all allegations thereof, together with all inferences that may be reasonably drawn therefrom, are taken as true. Crews v. Garber, 188 Okla. 570, 111 P. 2d 1080. Therefore, we must assume that Isabelle Bozworth, for a consideration beneficial to her, promised to answer for the debt of her son, and agreed that it would be paid out of the residue of her estate after her death, and that she accordingly signed the order on the back of the note. Such a promise need not be in writing. 15 O. S. 1941 § 325; Bennington Lumber Co. v. Attaway, 58 Okla. 229, 158 P. 566; Lindley v. Kelly, 47 Okla. 328, 147 P. 1015. There is no inconsistency between the indorsement or order signed by her and the oral agreement as alleged. Therefore, the agreement, resting partly in writing and partly in parol, does not violate the parol evidence rule. Holmes v. Evans, 29 Okla. 373, 118 P. 144; Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765, 10 R. C. L. 1019, 1030; 20 Am. Jur. 973-975; 22 C. J. 1144, § 1531; 13 C. J. 304, § 127. The agreement is not void for uncertainty as to the time of payment. 12 Am. Jur. 559; 2 A. L. R. 1472, note. Nor is the contract rendered unenforceable because payment is postponed until after the death of Isabelle Bozworth. 24 C. J. 293; 12 Am. Jur. 857; 2 A. L. R. 1471, note.

Reversed, with directions to overrule the demurrer to the petition.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.