MICHAEL *v.* RAINIER.

[No. 30,747. Filed March 31, 1965.]

294

*George Sands,* of South Bend, for appellant.

*Daniel R. Connell*, of South Bend, for appellee.

MYERS, J.—This cause comes to us on petition to transfer from the Appellate Court pursuant to §4-215, Burns' Ind. Stat., 1946 Replacement. The Appellate Court's opinion is to be found in 197 N. E 2d 316. It is an action involving a written instrument in appellant's handwriting which reads as follows:

"8-13-47

"I owe B. E. Rainier Seven Hundred & Fifty ■ (750.00) of this date.

"Harley Michael"

Complaint was filed on August 1, 1955. The only question to be decided is whether the action was barred by the six-year statute of limitations on accounts and contracts not in writing, §2-601 (First.), Burns' Ind. Stat., 1946 Replacement (Supp.), or falls within the ten-year statute of limitations applicable to promissory notes, bills of exchange and other written contracts, §2-602 (Fifth.), Burns' Ind. Stat., 1946 Replacement (Supp.). Appellant claims the contract was verbal, with the written instrument only a memorandum of debt, so that the six-year statute applies, which would mean that the complaint was filed too late. The trial court decided otherwise and entered judgment against appellant for the total sum of $1,080, including principal and interest. On appeal to the Appellate Court, the judgment was affirmed.

Appellee testified that on or about August 13, 1947, he was asked by appellant for a loan of $750 in order to "make some money"; that the next day appellee gave him $750 in cash which he withdrew from a safe in his possession; that appellant wrote out the "IOU" in appellee's presence and said he, appellant, would pay back the amount in a year's time.

Appellant denied that he had received any cash at all, but claimed that he and appellee had planned on going into a joint business venture involving "cookie jars, tip books and stuff like that"; that he had no money to invest in the enterprise; that appellee said appellant's share would be $750; that appellant wrote the instrument in question and gave it to appellee, apparently in order that appellee would advance appellant's share; that a month later he asked to get out as the venture involved gambling; that he received no profits, money or property of any kind from the venture; that appellee never requested payment of the $750 until much later, when an attorney wrote a letter demanding payment.

The trial court found in favor of appellee's version of the transaction and entered judgment accordingly.

The complaint was filed more than six years after the instrument was dated. There was no question about it being issued and delivered by appellant on that date. Thus, the only basis for the trial court's decision favoring appellee was that this was a written contract which fell within the ten-year statute of limitations.

From the face of the instrument, it is apparent that it does not fall within the terms of the Indiana Uniform Negotiable Instruments Act which was in effect at the time of execution. There is no unconditional promise to pay a sum certain in money, nor is there a promise by the signer to pay any sum to any person. Section 19-101, Burns' Ind. Stat., 1950 Replacement. It is not a negotiable instrument, therefore.

Is it a written instrument acknowledging an existing debt and containing an implied promise to pay the money so as to make it a promissory note and bring it within the ten-year statute of limitations? Appellee cites *Long, Executrix* v. *Straus et al.* (1886), 107 Ind. 94, 95, 6 N. E. 123, 7 N. E. 763, as authority. There the instrument read:

" 'Received of Joseph S. Long sixteen hundred dollars, on deposit, in National currency.
" 'STRAUS BROS.
" 'LIGONIER, April 27th, 1865.' "

This court held that this was more than a receipt in that the words "on deposit" imported a contract and the context showed that the money received by the persons with whom it was deposited was that of the depositor, who, on reasonable demand, was entitled to receive back that which belonged to him.

*Kraft* v. *Thomas, Executor* (1890), 123 Ind. 513, 514, 24 N. E. 346, is also cited. There the instrument read as follows:

" 'October 15th, 1864.
" 'For value received of C.P. Coleman three hundred dollars, in full, with use or bearer, waivin valuation and appraisement laws. Paid when kald for.
" 'Edward Kraft.' "

It was held that this was a promissory note, but this case does not seem to be in point as it involved an instrument which the court found was over twenty years' old and concerned the question of whether a demand had to be made when it expressed no time of payment. These instruments contain words which are not found in the writing presented herein. The words "on deposit" and "Paid when kald for" or similar expressions, which so impressed this court many years ago, are missing.

In general, the mere receipt for money is not a contract and imports no promise, obligation or liability, and so is not subject to the statute of limitations governing written contracts for the payment of money. 34 Am. Jur., Limitation of Actions, §85, p. 74; 53 C. J. S., Limitations of Actions, §64, p. 1026.

The written memorandum sued upon herein was based upon a verbal agreement between the parties.

Each one testified to a different version. The trial court Judge accepted appellee's account, which was to the effect that on August 13, 1947, appellant and appellee entered into a contract whereby appellee loaned appellant the cash sum of $750 so that appellant could make some money and which appellant promised to repay in one year. We must adopt this version as we cannot weigh the evidence.

This leaves us with a contract which is partly in writing and partly oral. Under these circumstances, it has been held that such contract must be considered as wholly oral. 6 West's Ind. Law Ency., Contracts, §51, p. 110. To ascertain the terms of this contract, parol evidence had to be introduced. So, even though the memorandum was in writing, yet because the contract rested partly in parol, the six-year statute of limitations applies as if the contract had rested entirely in parol. *Hackleman* v. *Board of Commissioners of Henry County* (1884), 94 Ind. 36, 39; *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 695, 116 N. E. 9; *Tomlinson et al.* v. *Briles* (1885), 101 Ind. 538, 1 N. E. 63; *Higham et al.* v. *Harris et al.* (1886), 108 Ind. 246, 8 N. E. 255.

There is a difference in cases dealing with a mere *acknowledgment* in writing of a debt and those dealing with a *contract* in writing as our statute is worded.

We hold that there was no negotiable instrument involved herein; that the memorandum was not a promissory note; that it was merely a written receipt for money based upon a verbal agreement between the parties; that such contract rests in parol and the six-year statute of limitations applies. The decision of the trial court was, therefore, contrary to law.

Judgment reversed. Cause remanded, with instructions that the motion for new trial be sustained.

Arterburn, C. J., and Achor, J., concur.

Jackson, J., concurs in result.

Landis, J., dissents with opinion.

DISSENT

LANDIS, J.—I regret I must dissent from the majority opinion.

The issue in this case is whether an I.O.U.[1] is a contract in writing so as to be governed by the ten year statute of limitations or whether it is a contract not in writing governed by the six year statute of limitations.

This subject is dealt with in a recent annotation appearing in 3 A. L. R. 2d 809, Limitations—Contract in Writing, upon the subject of "What constitutes a contract in writing within statute of limitations." The annotation states at p. 825, §17, "Accounts stated and acknowledgments of indebtedness":

> "A written account stated or a *written acknowledgment of indebtedness may constitute a contract in writing with respect to the statute of limitations.*" (Emphasis supplied.)

Attention is also directed to 34 Am. Jur., Limitation of Actions, §80, p. 71, under "What Constitutes Written Contract" wherein it is stated:

> "The broad and comprehensive language of a statute of limitations providing that an action upon a writing for the payment of money can be commenced only within a prescribed period after the cause of action shall have accrued *embraces all kinds of written instruments, without regard to their form or phraseology, which imply a promise or agreement to pay money. . . .*" (Emphasis supplied.)

---

1. The I.O.U. was as follows:

   "8-13-47

"I owe B. E. Rainier Seven Hundred & Fifty ($750.00) of this date.

Harley Michael."

The case of *Patterson* v. *Chapman* (1918), 179 Cal. 203, 205, 176 Pac. 37, 2 A. L. R. 1467, which involved the sufficiency of an instrument to establish a valid contract for the payment of money, stated:

"... Any memorandum in writing, however, *regardless of its form,* and whether payable in money or specific property, whereby a debt is *acknowledged* by one as owing to another to whom the memorandum is delivered is sufficient to create such obligation. 'Any words which prove a man to be a debtor will charge him with the payment of the money.' (*Cover* v. *Stem,* 67 Md. 449, [1 Am. St. Rep. 406, 10 Atl. 231].) Hence, conceding the document in question is not a negotiable instrument, draft, check, or bill of exchange as claimed by respondent, the want of such character is immaterial if terms are employed therein which at the time of its execution created a *debitum in praesenti.* (*Banker* v. *Coons,* 40 App. Div. 572, [58 N. Y. Supp. 47]; *Robbins* v. *Robbins' Estate,* 175 Mo. App. 609, [158 S. W. 400]; *Kirkpatrick* v. *Pyle, supra.*)

"It is true the instrument contains no express promise to pay, but where the existence of an indebtedness based upon consideration is acknowledged, the law implies a promise to pay it (*Ward* v. *Bush,* 59 N. J. Eq. 144, [45 Atl. 534], . . . ."

Attention is further directed to the California case of *O'Brien* v. *King* (1917), 174 Cal. 769, 774, 164 Pac. 631, 633, which quotes approvingly from the Indiana case of *Long, Executrix* v. *Straus et al.* (1886), 107 Ind. 94, 99, 6 N. E. 123, 7 N. E. 763, 57 Am. Rep. 87, attempted to be distinguished in the majority opinion of this Court in the case at bar, and which it will be recalled involved the following instrument:

"Received of Joseph S. Long sixteen hundred dollars, on deposit, in National currency.

STRAUS BROS.
"LIGONIER, April 27th, 1865."

The California Court states as to the Indiana case (p. 774 of 174 Cal., p. 633 of 164 Pac.):

" . . . The distinction which we have tried to point out is well stated in *Long* v. *Straus,* 107 Ind. 94, [57 Am. Rep. 87, 6 N. E. 123, 7 N. E. 763], where the court, upon rehearing, discussed the question exhaustively. The following language from the opinion in that case is in point here:

" ' . . . An express written contract contains the only competent evidence of the agreement of the parties. . . . But this written contract is to be given legal effect, and to give it effect *the courts must consider it as embodying all the legal obligations implied from its language.* These obligations, we repeat, are part of the written contract. *The law imported into the contract does not create an independent agreement,* but makes the instrument express the full agreement of the parties. . . . All contracts have imported into them legal principles which can no more be varied by parol evidence than the strongest and clearest express stipulations. . . . The authorities all agree that the regular indorsement of a promissory note is as perfect a contract as though the liability which the law implies were written out in full. . . . Into the contract before us the law enters and makes it an agreement to repay the money received on deposit. . . . Our conclusion reaches further than that there is an implied promise to pay the depositor his money, for it goes to the extent of affirming that his promise is created by law as an element of the contract, and as such enters into and forms part of the written agreement. We do not regard the promise as an independent one, existing outside of the written contract, but as a promise forming one of the terms of the contract.' " (Emphasis supplied.)

The majority opinion in the case at bar says that the I.O.U. sued on was based upon a verbal agreement between the parties and that this leaves the court with a contract partly in writing and partly oral, which must be considered oral.

However, this line of reasoning is fallacious as the important thing is that the I.O.U. did not depend for its validity upon any verbal agreement whatever, as the acknowledgment of indebtedness under the authorities implies in law, without any further evidence, a promise to pay. This is imported in the contract as a legal principle and does not create an independent agreement. All contracts have imported into them legal principles which cannot be varied by parol. Unless we are to disapprove prior decisions of this state and other jurisdictions, we must conclude the I.O.U. was sufficient to satisfy the statute of limitations with regard to a written contract for the payment of money.

The majority opinion has also attempted to make a distinction between an acknowledgment in writing of a debt and a contract in writing. No cases have been cited in support thereof. As an acknowledgment of debt imports in law a promise to pay, such an acknowledgment in writing would necessarily constitute a written contract. The majority's attempted distinction in this case is therefore a distinction without a difference.

The two Indiana cases of *Long, Executrix* v. *Straus et al.* (1886), *supra*, 107 Ind. 94, 99, 6 N. E. 123, 7 N. E. 763, 57 Am. Rep. 87, and *Kraft* v. *Thomas, Executor* (1890), 123 Ind. 513, 24 N. E. 346, 18 A. S. 345, which involved instruments with no acknowledgment of indebtedness unless it can be implied from the ambiguous language thereof, were obviously weaker cases than the one before us and yet were held to be sufficient to satisfy the ten year statute.

The I.O.U. in the case at bar of course was not a promissory note or a negotiable instrument under the Uniform Negotiable Instruments Law,[2] but a nonnegotiable instrument can indeed be a written contract for the payment of money.

---

2. Acts 1913, ch. 63, §184, p. 120, Burns' §19-1701 (1950 Repl.).

The trial court properly held the instrument was a contract in writing governed by the ten year statute and the result reached by the Appellate Court was correct and the judgment of the lower court should be affirmed.

NOTE.—Reported in 205 N. E. 2d 543.