[S. F. No. 750.    Department Two.—October 26, 1897.]

FELIX TRACY, Appellant, *v.* WILLIAM ALVORD et al.,
Executors, etc., of J. C. Wilmerding, Deceased, Respondents.

GIFT—PROMISSORY NOTE OF DONOR.—The gift of the donor's own promissory
note, either *inter vivos* or in view of death, does not create an en-
forceable obligation in favor of the donee against the donor or his
estate.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order refusing a new
trial.    John Hunt, Judge.

The facts are stated in the opinion.

Charles A. Garter, for Appellant.

Edward J. McCutchen, and Page, McCutchen & Eells, for Respondents.

BRITT, C.—Defendants' testator, J. C. Wilmerding, died February 20, 1894. About one year previously he made and signed a paper writing having the form of a promissory note for ten thousand dollars, payable sixty days from its date to the order of Felix Tracy, the plaintiff. It is claimed on the latter's behalf in this action (which is founded on said note as a demand against the estate of said deceased) that the instrument was delivered by the testator to a third person for plaintiff's use, and that a valid gift thereof, either *inter vivos* or in view of death, was made by the testator to the plaintiff. There was no consideration for the note, and plaintiff first learned of its existence by information from the executors some months after the testator's death.

The court below found that there was no delivery of the note as alleged by plaintiff, and held therefore that the instrument never had effect; whether the evidence justified such finding is made a question in the case, but it is not necessary to be decided. For if it were conceded that delivery was proved, yet, as between the donee and the donor or his estate, the gift of the donor's own promissory note created no enforceable obligation; being a mere promise without consideration to give a sum of money in the future, it was of no legal consequence. The gift of such a note *causa mortis* is within the rule; besides tending to subvert the statute of wills, it is still but a promise to make a gift, and invalid because the thing promised is not delivered. Authorities are numerous; the following are among the more recent: *Bartlett's Petition*, 163 Mass. 509; *Sanborn v. Sanborn*, 65 N. H. 172; *Matter of James*, 146 N. Y. 78; 58 Am. St. Rep. 774; *Shaw v. Camp*, 160 Ill. 425; *Johnson v. Otterbein University*, 41 Ohio St. 527; 1 Daniel on Negotiable Instruments, sec. 25. Some cases in Pennsylvania supposed by appellant to create a ripple in the current of authority rested on the efficacy of the seal attached to the instrument to import a consideration; this distinction is pointed out in *Kern's Estate*, 171 Pa. St. 55. Appellant

suggests, rather than urges, that in view of our statute abolishing the distinction between sealed and unsealed instruments (Civ. Code, sec. 1629) the present case should fall within the doctrine applied to sealed notes in the cases cited by him. But we apprehend that counsel does not desire to be understood as arguing that a written instrument in this state carries with it the conclusive implications of the seal at common law. The statute referred to was designed to operate in the contrary direction, viz., to make sealed as well as unsealed instruments open to defense for want of consideration. The judgment and order appealed from should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.