[L. A. No. 3448. Department Two.—February 17, 1915.]

HENRY M. WISLER, as Trustee, Appellant, v. MARIA GARTRELL TOMB, as the Executrix of the Last Will and Testament of Thomas B. Tomb, Deceased, Respondent.

GIFT OF DONOR'S PROMISSORY NOTE—PROMISE WITHOUT CONSIDERATION—NONENFORCEABLE OBLIGATION.—The gift of the donor's own promissory note, either *inter vivos* or *causa mortis,* does not create an enforceable obligation in favor of the donee against the donor or his estate. Being a mere promise without consideration to give a sum of money in the future, such a note is of no legal consequence.

ID.—GIFT REVOCABLE UNTIL EXECUTED—NOTE MERE PROMISE TO MAKE FUTURE GIFT.—A note intended as a mere gift with no other consideration than natural affection cannot form the basis of an action at law. The gift is always revocable until it is executed, and a promissory note intended as a gift is but a promise to make a gift in the future. The gift is not executed until the note is paid.

ID.—GIFT OF DONOR'S PROMISSORY NOTE TO TRUSTEE FOR BENEFICIARY. In an action on a promissory note against the estate of the maker,

the complaint fails to show any consideration for the note, and consequently fails to state a cause of action, where it merely alleges that the maker in his lifetime made' and delivered the note to the plaintiff as trustee for the nephew of the maker, and that on the day and date of the execution of the note, the maker, the more particularly to declare the purpose for the execution of the instrument, made a written declaration of trust in which he stated that he had placed in the hands of the trustee a large sum of money to be used, as provided in the declaration. for the support and education of such nephew.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

N. Blackstock, and S. E. Vermilyea, for Appellant.

George L. Sanders, L. W. Moultrie, and A. E. Dunning, for Respondent.

MELVIN, J.—Defendant demurred generally and specially to plaintiff's second amended complaint. The demurrer was sustained, plaintiff refused to amend and judgment for defendant was entered accordingly. This appeal is taken by plaintiff from said judgment.

Plaintiff averred in his unverified complaint that he was the duly appointed, acting, and qualified trustee of the trust estate of Thomas Tomb Harbeson, a minor. He sued as such trustee and sought judgment against defendant in her capacity as executrix of the last will of Thomas B. Tomb, deceased. According to the allegations of the complaint the following facts appear: On March 3, 1910, Thomas B. Tomb made and delivered to plaintiff as trustee for the former's nephew, Thomas Tomb Harbeson, a promissory note payable on or before one year after date, with interest at six per cent per annum. The principal was never paid, but on April 3, 1910, the maker of said note paid one hundred and fifty dollars as interest. On January 26, 1911, the plaintiff, as trustee, presented to the defendant as executrix of the estate of Tomb, his verified claim on said promissory note for principal and interest then due, and the said executrix rejected the claim. On the day and date of the execution of the note, Thomas B. Tomb, the more particularly to declare the pur-

pose for the execution of said instrument, made a written dec-
laration of trust in which he stated that he had placed in the
hands of Henry M. Wisler the sum of thirty thousand dollars
to be used, as provided in the declaration, for the support and
education of the beneficiary Thomas Tomb Harbeson. The
instrument was signed by Tomb and Wisler, the latter by the
terms of the writing accepting the trust. Maria G. Tomb
signed as a witness. Maria G. Tomb was then and there in-
formed (to quote from the complaint) "that she had been
appointed executrix of the last will and testament of said
Thomas B. Tomb, deceased," and she then and there (to quote
further) "consented to the said declaration of trust, and
agreed that on the death of the said Thomas B. Tomb, de-
ceased, she would in full, and in every particular, and with-
out any exception whatsoever, carry out the said trust, and
then and there agreed, that, upon the death of the said de-
ceased she would immediately set apart the said thirty thou-
said dollars for the express purpose of carrying out the said
declaration of trust, and would, as soon as she had qualified
as executrix, pay over to the said Henry M. Wisler the said
thirty thousand dollars, to be invested by him as provided in
the said declaration of trust." We may say, in passing, that
the ghostly implication of the earlier quotation that her *de-
ceased* husband not only signed the declaration but talked to
her about it, is cleared by the later excerpt from the pleading.
Evidently the conversation at least was *inter vivos* and she
was not really "appointed executrix" until after her husband
had died, for we think a well known maxim may be varied to
read *"Nemo est executrix viventis."*

The complaint contains further averments that "pursuant
to said understanding," Mrs. Tomb, "both in and out of the
probate department of the superior court of the county of
Los Angeles, state of California, expressly admitted and con-
sented that the said thirty thousand dollars was, as herein-
before alleged, set apart and considered as a segregated fund
from all of the other funds and moneys of the estate of the
said deceased, Thomas B. Tomb, and on divers times and occa-
sions offered to pay the said fund into the hands of a trustee,
to be selected by herself, or a trustee to be nominated by the
probate court of said county, other than the said Henry M.
Wisler, to whom she objected as trustee"; that the said Maria
Gartrell Tomb in all of the proceedings in and about the estate

of Thomas B. Tomb, deceased, "recognized and treated the said thirty thousand dollars as a segregated trust fund belonging to said minor"; and that she never claimed that she was administering the thirty thousand dollars as a part of her deceased husband's estate, but treated it as a trust fund and offered to pay it into court should the court order her to take such course. It is further alleged that during guardianship proceedings instituted by the father of the minor Thomas Tomb Harbeson, Mrs. Tomb consented in open court and offered to pay the segregated fund of thirty thousand dollars to the father, and on his resignation as guardian she offered to take the guardianship of the minor for the express purpose of holding the fund for his use and benefit. It is further averred in the complaint that upon petition and proceedings duly had thereunder the superior court on January 11, 1911, determined and adjudged that the trust was legal and that the appointment of Henry M. Wisler was confirmed. It is averred that since the death of Thomas B. Tomb defendant, as executrix of his estate, has held the thirty thousand dollars as a trust fund belonging to the minor Thomas Tomb Harbeson.

Upon the authority of *Tracy* v. *Alvord,* 118 Cal. 655, [50 Pac. 757], the judgment must be affirmed. In that case it was held that the gift of the donor's own promissory note, either *inter vivos* or *causa mortis* does not create an enforceable obligation in favor of the donee against the donor or his estate. Being a mere promise without consideration to give a sum of money in the future, such a note is of no legal consequence. Appellant seeks to differentiate the facts averred in his complaint from those considered in *Tracy* v. *Alvord, supra.* He calls attention to the language of the declaration by which Thomas B. Tomb states that he "has placed" thirty thousand dollars in the hands of the trustee. This amounts to a statement, say appellant's counsel, that Tomb had placed in the trustee's hands thirty thousand dollars in cash and justifies the assumption that afterwards Wisler, as trustee, loaned the thirty thousand dollars to Tomb. Such an assumption, even if it logically arose from the supposed facts indicated by the declaration of trust, would not save the complaint, because the mere incorporation of the declaration into the pleading does not amount to an allegation of the matters therein set forth as facts. If indeed

Tomb paid the money to the trustee and afterwards borrowed it, giving the promissory note as evidence of the debt, it would be easy to plead such a state of facts. No such pleading is presented. On the contrary, we find the averment that the declaration of trust was made "on the day and date of the execution" of the note and "in order to more particularly declare the purpose for the execution of the said note." Any presumption of consideration which might arise in an action on the note itself, is overcome by the allegations regarding the trust. The claim against the estate was upon the note itself and therefore the action may not be supported by a mere introduction of the declaration of trust which by the tense of one of the verbs might support a theory that Thomas B. Tomb paid the money to Henry M. Wisler, as trustee, and immediately borrowed it. Even construing the complaint in the light most favorable to the pleader, it appears that the whole transaction was on paper. The attempt to donate the money in trust lacked the essential of all gifts, unconditional delivery. Wanting that requisite element it was "no more than an unexecuted and unenforceable promise to make a future gift." (*Beebe* v. *Coffin,* 153 Cal. 177, [94 Pac. 768].)

A note intended as a mere gift with no other consideration than natural affection cannot form the basis of an action at law. The gift is always revocable until it is executed, and a promissory note intended as a gift is but a promise to make a gift in the future. The gift is not executed until the note is paid. (*Williams* v. *Forbes,* 114 Ill. 171, [28 N. E. 463].)

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.