[Civ. No. 1694. Second Appellate District.—February 23, 1915.]

CHARLEY WALKER, Appellant, v. C. R. ROCKWOOD, Administrator of the Estate of Peter P. Walker, Deceased, Respondent.

ACTION ON PROMISSORY NOTES—LACK OF CONSIDERATION—CANCELLATION OF NOTE—WHEN UNAUTHORIZED.—In an action upon two promissory notes alleged to have been executed by defendant's intestate, where the defendant in his answer alleged that a prior note had been executed by the deceased, and that one of the notes sued upon had been given for the sole purpose of taking the place of said prior note, but no affirmative relief was demanded by the answer, no issue was presented by the pleadings warranting a decree cancelling the

first note, although the court found upon sufficient evidence that it was executed without consideration and was intended as a gift.

Id.—Payments—Application of.—In such a case where the deceased paid a certain amount of money to the holder of the notes, but neither he nor the latter made any specific declaration or election, during his lifetime, as to the application of the payments on the notes, it will be presumed that the deceased intended the money to be applied as a credit on the note that was a legal obligation against him, rather than upon the one which was not a legal and enforceable obligation, and the holder of the note could not, after the death of the maker, apply the payments upon the gift note, thereby completing the gift.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

F. E. Dunlap, H. F. Bridges, and M. W. Conkling, for Appellant.

Collier & Clark, for Respondent.

CONREY, P. J.—In this action plaintiff seeks to recover the sum of two thousand and fifteen dollars with interest, being a balance claimed to be due and unpaid on a three thousand dollar note; and also the sum of one thousand five hundred dollars and interest, claimed to be due and unpaid on a one thousand five hundred dollar note. It is alleged that these notes were made and delivered to plaintiff by Peter P. Walker, who died on May 6, 1912, and the defendant became administrator of his estate. It is admitted that the claims were duly presented and were rejected by the administrator prior to the filing of complaint herein. Judgment having been entered for an amount less than that demanded by plaintiff, he appeals from the judgment and from an order denying his motion for a new trial.

The first of these notes was not dated, but was made on August 12, 1908. The second note bears date August 12, 1909. On the twenty-fifth day of October, 1910, Peter P. Walker paid to plaintiff the sum of $3,985. The court found that no other sum was ever paid; and that at the time of this payment the accrued interest on the notes respectively amounted

26 Cal. App.—40

to $528.66 and $144.23; that after applying the payment of $3,985 first to the satisfaction of the larger note and the remainder on account of the smaller note, there remained due $1,187.89; that prior to the commencement of this action the defendant offered to pay said sum of $1,187.89, with interest from October 25, 1910, and that the plaintiff refused said offer, and that (presumably on account of the offer thus made) the plaintiff was not entitled to have interest after the eighth day of August, 1912, which is the date of filing of complaint herein, and is less than a week after the claims had been wholly rejected by the administrator.

Respondent's counsel admit that the record does not disclose any evidence in support of said finding as to an offer to pay the amount now conceded to have been due, and admit that the judgment should be modified by including the accrued interest for the entire period from October 25, 1910, down to the day of entry of judgment.

In the answer filed by defendant it was alleged that on the twelfth day of August, 1908, Peter P. Walker executed to plaintiff another note for three thousand dollars in like terms as the three thousand dollar note set forth in the complaint, except that this other note so referred to in the answer was to be without interest until paid. Defendant alleged that the three thousand dollar note sued on was executed several months after and for the sole purpose of taking the place of and canceling the no-interest note and was given for the same and no other consideration. No affirmative relief was demanded by the defendant. No reason appears for the allegations in the answer concerning the no-interest note, unless we may infer that defendant considered it necessary to set up the facts above stated in order to overcome an anticipated claim by plaintiff that three thousand dollars of the money received by him on October 25, 1910, was a payment of the no-interest note.

Concerning this last mentioned note, the court found that it was without consideration and was a gift, and was executed on August 12, 1908; from which facts the court made a conclusion of law that said no-interest note was "void and unenforceable and should be delivered up and canceled." The judgment, in addition to allowing recovery by plaintiff of the sums found to be due and unpaid as above shown, follows this conclusion of law and orders that the no-interest note be de-

livered up to defendant and canceled. The court further concluded that the plaintiff was not entitled to costs, and the judgment provides that he shall not recover any costs.

The case presented by the pleadings does not raise any issue upon the determination of which a decree could properly be entered in this action for cancellation of the note. But the evidence which was received concerning this note is relevant to the case in connection with plaintiff's claim that three thousand dollars of the money received by him on October 25, 1910, was received in payment of the no-interest note, and that there remained only nine hundred and eighty-five dollars to be applied as a credit on either of the two notes sued on in this action. When the plaintiff received said sum of $3,985 he did not deliver up either of the notes to the maker. He says in his testimony that decedent told him "to indorse the amount on the two $3,000 notes"; and in another place he says that decedent told him "to indorse on one of the notes the amount he had paid"; and plaintiff says that his failure to return one of the notes to Peter P. Walker was due to neglect.

We think that the court was justified by the evidence in believing that the three thousand dollar no-interest note was delivered by decedent to plaintiff without consideration and was in the nature of a gift. The plaintiff has not shown that he had acquired any interest in the business of Peter P. Walker, or that plaintiff parted with any interest in that business, or with anything else of value, in consideration of said no-interest note. If the evidence had established that the deceased paid three thousand dollars to the plaintiff clearly and definitely as a payment of that note, then there would have been a completed gift, and the money so paid could not be credited on the other note. But upon the evidence in this regard it appears that neither party made a specific declaration or election on the subject. In the absence of a definite direction from Peter P. Walker, the court was entitled to presume that he intended the money to be applied as a credit upon the note that was a legal obligation against him, rather than upon one which was not a legal and enforceable obligation; and as to the plaintiff, since he retained both notes and did nothing to definitely show satisfaction of the gift note during the limetime of the maker, he cannot by his own act complete the gift to himself after the death of the intending donor. It follows that the three thousand dollars,

together with the additional nine hundred and eighty-five dollars, paid to the plaintiff, must be considered as having been applied upon the payment of the other two notes, and that it should be credited as so applied in the order of priority of the notes.

In the following order, wherein we shall strike from the judgment certain provisions relating to the said no-interest note, we make such order, not as an adjudication that the note is valid, but solely because the judgment on that subject and for cancellation of the note is without foundation in the pleadings in this action.

The order denying plaintiff's motion for a new trial is affirmed.

It is further ordered that the judgment be modified as follows: By striking therefrom the paragraph numbered First and reading as follows: "That said one-day promissory note executed on the 12th day of August, 1908, by Peter P. Walker, deceased, in plaintiff's favor for three thousand dollars, without interest, was at the time of its execution and at all times thereafter and is now void and not enforceable, and that the same shall be immediately delivered up to defendant and canceled."

It is further ordered and directed that the amount to be recovered by plaintiff be modified by allowing the plaintiff, in addition to the sum of $1187.89, the interest thereon at the rate of eight per cent per annum, from the twenty-fifth day of October, 1910, to the time of the entry of the judgment, to wit: the twentieth day of January, 1913.

It is further ordered that said judgment be modified by striking therefrom the order "that plaintiff do not recover his costs and disbursements herein, and that defendant do have and recover his costs and disbursements herein, amounting to the sum of $28.80," and substituting therefor an order allowing costs to the plaintiff.

The judgment, as modified by the foregoing directions therefor, is affirmed.

James, J., and Shaw, J., concurred.