[Sac. No. 4335. In Bank.—June 18, 1930.]

VICTORIA M. COON, Appellant, v. WM. M. SHRY, Executor, etc., Respondent.

G. W. Zartman for Appellant.

Ugene U. Blalock for Respondent.

THE COURT.—On September 22, 1927, Vincie Boucher executed a promissory note in the sum of $2,500 in favor of appellant. At the same time she executed a mortgage on certain real property belonging to her as security for said note. The evidence is uncontradicted that these instruments were executed for two reasons. In the first place appellant was an old friend of Dr. and Mrs. Boucher, who for many years had been very kind to them, and the Bouchers, to show their appreciation, were desirous of making a gift of the note and mortgage to appellant. In the second place, an action was then pending against Dr. Boucher, the husband of Vincie, and they desired to prevent a possible judgment creditor from reaching the land in question, which had

been conveyed some time before by Dr. Boucher to his wife. This last motive we deem immaterial on this appeal, for the reason that the rights of third persons are not concerned, this being an action by the donee against the estate of the donor, and for the further reason that the evidence conclusively shows an intent to make a gift of the note and mortgage to appellant. It is candidly admitted that no consideration of any kind or nature moved from appellant.

The mortgage was recorded at the request of the Bouchers and, together with the note, was delivered to appellant some time in November, 1927. Until that time appellant had no knowledge of the execution of the note and mortgage. The doctor, shortly thereafter, won the damage suit pending against him. Several times thereafter and until their respective deaths the Bouchers recognized the gift. Some time after receiving the note and mortgage the appellant partially executed a release and satisfaction of the mortgage and deposited it with the attorney who had drawn the note and mortgage, with instructions to deliver the same to the Bouchers, in the event that they sold the property, so that they could give clear title to the same. This release was never accepted by the Bouchers, they in fact repudiating the same, and it was destroyed by appellant before Mrs. Boucher's death. Early in 1928 both Dr. and Mrs. Boucher died, both having recognized the gift a short time prior thereto. Appellant filed a claim against the estate of Mrs. Boucher, which claim was rejected. Thereupon this action was commenced to foreclose the mortgage. The trial court decided in favor of the estate on two grounds: (1) that the note and mortgage were without consideration and, therefore, unenforceable, being no more than an incomplete gift; (2) that the mortgage was entirely satisfied by reason of the release mentioned above. It must be conceded that the findings in support of this second ground of the decision are wholly without support in the evidence, the uncontradicted evidence being to the effect that the release was only to be delivered to the mortgagor on condition that the property was sold. This condition never occurred. Moreover, the mortgagor repudiated the release and refused to accept the same. The release was secured by appellant and destroyed prior to Mrs. Boucher's death, and not subsequent thereto, as found by the trial court. These inac-

curacies in the trial court's decision can avail appellant of but little on this appeal, the first ground of the decision being in accordance with well-settled legal doctrine.

First let us consider the attempted gift of the promissory note. The law is well settled in every American jurisdiction that a gift of the donor's own note is not enforceable by the donee against the donor or his estate, in the absence of an estoppel, for the reason that it only amounts to a promise to make a gift in the future, and is no more enforceable than any other promise to make a gift. One of the leading cases in California is *Tracy* v. *Alvord,* 118 Cal. 654 [50 Pac. 757]. In that case, it is true, there were grave doubts as to whether a delivery of the note had taken place, but the court held that immaterial, stating at page 655: "For if it were conceded that delivery was proved, yet, as between the donee and the donor or his estate, the gift of the donor's own promissory note created no enforceable obligation; being a mere promise without consideration to give a sum of money in the future, it was of no legal consequence." This case was followed by that of *Wisler* v. *Tomb,* 169 Cal. 382 [146 Pac. 876], where the donor executed a note in favor of his nephew, a minor, and delivered it in trust to a third person. The donor made several payments of interest on the note, and then died. The court held that the note could not be enforced against the estate, stating at page 385: "Upon the authority of *Track* v. *Alvord* . . . the judgment must be affirmed. In that case it was held that the gift of the donor's own promissory note, either *inter vivos* or *causa mortis* does not create an enforceable obligation in favor of the donee against the donor or his estate. Being a mere promise without consideration to give a sum of money in the future, such a note is of no legal consequence." And again at page 386 it is stated: "A note intended as a mere gift with no other consideration than natural affection cannot form the basis of an action at law. The gift is always revocable until it is executed, and a promissory note intended as a gift is but a promise to make a gift in the future. The gift is not executed until the note is paid." (See, also, to the same effect *Hironymous* v. *Hiatt,* 52 Cal. App. 727 [199 Pac. 850, 853]; *Walker* v. *Rockwood,* 26 Cal. App. 624 [147 Pac. 992]; *Lefrooth* v. *Prentice,* 202 Cal. 215, 226 [259 Pac. 947].)

The overwhelming weight of authority in other jurisdictions is in accord. (See notes in 27 L. R. A. (N. S.) 308; L. R. A. 1918C, 340; 26 L. R. A. 305.) We must take it as settled that in this case the purported note constituted a mere unexecuted voluntary promise, unsupported by consideration, to make a gift of money in the future, and, as was said in *Hironymous* v. *Hiatt, supra,* at page 736, "is a *nudum pactum,* imposing upon the maker no legal or enforceable obligation whatever."

 The question next presented is whether the execution, recordation and delivery of the mortgage as security for the note in any way affects the above rule. The briefs of counsel furnish no assistance on this point. The situation seems to be a point of first impression, not only in this jurisdiction, but in any other, no case having been found directly in point, where a mortgage was given as security for such a gift. However, we have no hesitancy in holding, in accordance with well-settled principles, that the mortgage must stand or fall with the note. It is well settled in California that a mortgage or mortgage lien is a mere incident of the debt or obligation which it is given to secure. (Cal. Civ. Code, sec. 2909; 17 Cal. Jur. 710, sec. 27, and cases cited in footnote 11.) There cannot be a mortgage if there is no debt or other obligation to be secured. (*Holmes* v. *Warren,* 145 Cal. 457, 463 [78 Pac. 954]; *Todd* v. *Todd,* 164 Cal. 255, 258 [128 Pac. 413]; *Ahern* v. *McCarthy,* 107 Cal. 382, 386 [40 Pac. 482].) A mortgage in California has no existence independent of the thing secured by it. (*Estate of Fair,* 128 Cal. 607, 613 [61 Pac. 184]; *People* v. *Eastman,* 25 Cal. 601, 603.) As distinguished from the debt the mortgage has no determinate value. (*Nagle* v. *Macy,* 9 Cal. 426.)

From the above analysis it necessarily follows that since the note, evidencing the debt, is void, being a mere unenforceable promise to make a gift in the future, the mortgage must fall with the note, and must be declared to be void.

The judgment appealed from is affirmed.