JAMES CROSBY and CAROL CROSBY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crosby v. Commissioner
Docket No. 1639-76.
United States Tax Court
T.C. Memo 1977-350; 1977 Tax Ct. Memo LEXIS 98; 36 T.C.M. (CCH) 1401; T.C.M. (RIA) 770350; September 29, 1977, Filed Thomas B. McCullough, Jr., for the petitioners. John W. Harris, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1972 and 1973 in the amounts of $876.45 and $1,010, respectively. One of the issues raised by the pleadings was conceded by petitioners leaving for our decision the following: Whether in each of the years here in issue petitioners are entitled to deduct amounts which they paid as interest with respect to their promissory notes which they executed as gifts to their minor children. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and *99 wife, had their legal residence in Los Angeles, California at the time of the filing of their petition in this case. They filed their joint Federal income tax returns for the calendar years 1972 and 1973 with the District Director of the Internal Revenue Service at Fresno, California. On January 1, 1971, petitioners executed documents which purported to be "promissory notes" in favor of each of their three children, Susan Ann Crosby (age 8), James K. Crosby III (age 10), and John William Crosby (age 6). These documents will be referred to hereinafter as notes. The notes, which were in a face amount of $6,000 each, provided for the following: (1) a maturity date of December 31, 1982, (2) interest at the rate of 10 percent per annum commencing January 1, 1971, and (3) payments of principal of $720 or more on December 31 each year. At the time petitioners executed these notes they did not receive $6,000 or any other amount from any of their children. It was petitioners' intent to make a gift to their children of the notes. On December 21, 1970, James K. Crosby opened savings accounts for Susan Ann Crosby (Account No. 09-038822) and James K. Crosby III (Account No. 09-038821) *100 at Columbia Savings and Loan (now U.S. Life Savings and Loan) under the California Uniform Gift to Minors Act. [1] One of the passbooks bears the designation: "James K. Crosby, Jr. Custodian for Susan Ann Crosby, UNGTMA" (Uniform Gift to Minors Act) and the other passbook bears the same notations except for the name of the child for whom the custodial account was held. Petitioners had prior to opening these accounts given three TWA bonds to their son James and two TWA bonds to their daughter Susan. The interest from these bonds was deposited into the custodial accounts opened for the two children on December 21, 1970. On December 20, 1971, James K. Crosby opened a savings account for John William Crosby (Account No. 09-039303) at U.S. Life Savings and Loan Association. The passbook bears the designation: "James K. Crosby, Jr., Custodian for John Willian [sic] Crosby under California Uniform Gifts to Minors Act." During the year 1972, petitioners made payments on the notes in the aggregate amount of $4,320, of which $831.60 represented principal and $3,488.40 represented interest. A proportionate *101 part of these sums was deposited into the custodial account of each of the three children. On January 1, 1973, petitioners executed a second set of documents which purported to be "promissory notes" in favor of each of their three minor children. Hereinafter these documents will be referred to as notes. These notes which had a due date of December 31, 1984, were in the face amount of $6,000 each, bearing 10 percent interest per annum, with a minimum payment of $720 or more on December 31st of each year. Petitioners did not receive $6,000 or any other amount from any of their children when these notes were executed. It was petitioners' intent to make a gift of the notes to their children. During the year 1973, petitioners made payments on the notes executed on January 1, 1971, in the aggregate amount of $2,160; $479.16 of which represented principal and $1,680.84 of which represented interest. Also during the year 1973, petitioners made payments on the notes executed on January 1, 1973, in the aggregate amount of $4,320, which was broken down as follows: $2,160 represented the 1973 payment of which $360 was principal and $1,800 was interest. The remaining $2,160 represented *102 a one year prepayment for 1974, $396 of which was principal and $1,764 interest. A proportionate part of all of these sums was deposited in the custodial account of each of petitioners' children. None of petitioners' three children filed a 1972 income tax return, but each of them filed a 1973 income tax return which reflected the interest income from all the aforementioned notes. Petitioner James K. Crosby prepared the return for each child and he had each child sign his or her return. Mr. Crosby withdrew the amount necessary to pay the income tax shown on each child's return from that child's custodial account in April of 1974. This was the first withdrawal of funds made from each of these accounts. The withdrawn funds were used to pay the income tax shown on the 1973 income tax return of the child from whose account the withdrawal was made.
Petitioners kept all six of the notes in their joint safety deposit box. Petitioners on their joint Federal income tax return for the year 1972 deducted $3,488.40 as interest paid on the notes given to their children and on their joint return for the year 1973 deducted $3,480 as interest paid on the notes given to their children. *103 Respondent in his notice of deficiency disallowed the deductions claimed by petitioners for interest paid on the notes given to their children with the explanation that the deduction was not allowable. OPINION Section 163(a) of the Internal Revenue Code of 1954[2] provides for a deduction by a taxpayer of "all interest paid or accrued within the taxable year on indebtedness." An indebtedness within the meaning of section 163(a) "is an existing, unconditional, and legally enforceable obligation for the payment of a principal sum." Estate of Franklin v. Commissioner, 64 T.C. 752, 761 (1975) and cases there cited. Whether an obligation is legally enforceable is determinable by the law of the state in which the transaction giving rise to the obligation occurred. Linder v. Commissioner, 68 T.C.     (Aug. 30, 1977). In most jurisdictions a promissory note executed as a gift is not legally enforceable because of lack of consideration for the promise. Linder v. Commissioner, supra (at page 8 of slip opinion) and cases there *104 cited. Where under state law the obligation is not legally enforceable, any interest paid on the obligation is not deductible. Linder v. Commissioner, supra and cases cited therein. It is therefore necessary for us to determine whether a note executed as a gift is legally enforceable under California law. Under California law a gift of the donor's promissory note does not create an enforceable obligation since there is no consideration for the promise. Tracy v. Alvord, 118 Cal. 654, 50 P. 757 (1897); Coon v. Shry, 289 P. 815 (Cal. 1930); In re McConnell's Estate, 58 P. 2d 639 (1936); Herbert v. Lankershim, 71 P. 2d 220, 254 (1937). The gift of a promissory note is merely a promise, without consideration, to give a sum of money in the future and is of no legal consequence. Tracy v. Alvord, supra; Hironymous v. Hiatt, 199 P. 850, 853 (3d Dist. Ct. App., Cal. 1921). Petitioners do not specifically argue that aside from the California Uniform Gifts to Minors Act, California Civil Code secs. 1154 to 1165, a note given as a gift is legally enforceable *105 in California. Petitioners contend that when they made the gifts of the notes they considered the gifts to be valid under the California Uniform Gifts to Minors Act and considered the notes to be a legally enforceable obligation against them. Petitioners state that they have always treated the notes as legally enforceable. Petitioners on brief in effect state that they misconstrued the California Gift to Minors Act [3] in that they thought that Act included in the definition of a security which could be the subject of a gift to a minor the promissory note of the donor, when in fact the definition of security in the Act excludes such a note. Petitioners argue that the technicality of their misconstruction of the California law should not cause them to forfeit the claimed interest deduction when they in good faith attempted to comply with all the requirements of California law with respect to making a gift of the notes including delivery of the notes. [4] Petitioners miss the point. If their children had not been minors and each note when executed had been handed to the adult child in whose favor it was drawn, the notes would not represent legally enforceable obligations under California *106 law because of lack of consideration for the promise. Wisler v. Tomb, 146 P. 876 (Cal. 1915). Since the notes do not constitute legally enforceable obligations, the interest paid with respect to the notes is not deductible under section 163(a). *107 Decision will be entered for the respondent. Footnotes
1. Cal. Civ. Code secs. 1154↩-1165 (West Supp. 1977).
2. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
3. Section 1155(o) of the Cal. Civ. Code (Uniform Gift to Minors Act) provides: Sec. 1155. Definitions (o) A "security" includes any note, stock, treasury stock, bond, debenture, evidence of indebtedness, account in an insured savings and loan association, certificate of interest or participation in an oil, gas or mining title or lease or in payments out of production under such a title or lease, collateral trust certificate, transferable share, voting trust certificate or, in general, any interest or instrument commonly known as a security, or any certificate of interest or participation in, any temporary or interim certificate, receipt or certificate of deposit for, or any warrant or right to subscribe to or purchase, any of the foregoing. The term does not include a security of which the donor is the issuer. A security is in "registered form" when it specifies a person entitled to it or to the rights it evidences and its transfer may be registered upon books maintained for that purpose by or on behalf of the issuer. [Emphasis supplied.] Section 1156(a) of the Cal. Civ. Code provides: Sec. 1156. Manner of making gift (a) An adult person may, during his lifetime, make a gift of a security, money, a life or endowment insurance policy, or an annuity contract to a person who is a minor on the date of the gift: * * *
Section 1157(a) of the Cal. Civ. Code provides: Sec. 1157. Effect of gift (a) A gift made in a manner prescribed in this article is irrevocable and conveys to the minor indefeasibly vested legal title to the * * * custodial property↩ given, but no guardian of the minor has any right, power, duty or authority with respect to the custodial property except as provided in this article. 4. Mr. Crosby testified that he explained the gift of the notes to his children to the extent he considered them capable of understanding what had been done. He stated that he told them that he had made them a gift of the notes.↩