TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  | : | |
| --- | --- | --- |
| OPINION | : | |
| | : | No. 25-603 |
| of | : | |
| | : | May 27, 2026 |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| CATHERINE BIDART | : | |
| Deputy Attorney General | : | |

The HONORABLE JOHN-CARL VALLEJO, INYO COUNTY COUNSEL, has requested an opinion on a question relating to county treasury deposits.

**QUESTION PRESENTED AND CONCLUSION**

Government Code section 27011 prohibits county officers from depositing money into the county treasury "from any private and unofficial source," and makes doing so a crime. Does the deposit prohibition in that statute apply to: (a) funds from a federal or state government grant program that is administered by a nonprofit entity that receives the grant money from the government and then distributes the grant funds to the county (and other grant recipients) pursuant to the terms of the grant program, or (b) gifts or donations to a county from a nongovernmental entity or individual?

(a) No, the deposit prohibition in section 27011 does not apply to government grant money distributed to a county through a nongovernmental intermediary that administers the grant program. The word "source" means "originator" or "first cause," and under each meaning, the "source" of the money is the government: The "originator" of the grant money is the government, and the "first cause" of that money is a government enactment creating the grant. In circumstances where the government distributes grant funds to a nongovernmental intermediary, which then distributes the funds to the county as a grant recipient pursuant to the terms of the grant program, the

1

25-603

funds are still "sourced" from the government. Because the government is a public entity, the money for deposit is not from a "source" that is "private and unofficial."

(b) No, the deposit prohibition in section 27011 does not apply to gifts or donations to a county from a nongovernmental entity or individual if a county board of supervisors (or its delegate) exercises its authority under Government Code section 25355 to accept the gift or donation, which the treasurer may then receive into the treasury under section 27010 of that code. But if the gift or donation is not accepted under those gift statutes, the deposit prohibition would apply.

## BACKGROUND

California counties receive funding from a variety of sources. Relevant here, counties may receive funding from federal or state grant programs.[1] As a federal government website explains, a "grant is a way the government funds your ideas and projects to provide public services and stimulate the economy. Grants support critical recovery initiatives, innovative research, and many other programs . . . ."[2] California also provides state grant opportunities.[3]

Although multiple forms of grants exist, in this opinion we consider a federal or state government-funded grant that is awarded to a county through a nongovernmental intermediary.[4] In this scenario, the government defines the terms of the grant program and provides the funding but does not itself determine the grant recipients. Instead, the government partners with a nonprofit entity that administers the grant program. The government distributes the grant money to the nonprofit, which then identifies grant recipients based on the program's terms and distributes the funds to those recipients, such as the county. The nonprofit thus acts as an intermediary, facilitating grant distribution.

---

[1] See Letter from Inyo County Counsel John-Carl Vallejo to then Senior Assistant Attorney General Marc J. Nolan (June 10, 2025), pp. 1-4, 10 (Requestor Letter), on file. Because the request letter poses questions concerning grant programs that have since been defunded, our analysis is generalized and does not refer to specific grant programs.

[2] Grants.gov, Grants 101, https://www.grants.gov/learn-grants/grants-101 (as of May 26, 2026).

[3] See California Grants Portal, https://www.grants.ca.gov/ (as of May 26, 2026).

[4] See Requestor Letter, *supra*, pp. 1-4, 10; Grants.gov, Grant Programs, https://grants.gov/ (as of May 26, 2026) ("When considering grants, these programs can be broadly categorized as those awarded by the federal government and those awarded by non-federal entities. Within these two categories are a variety of funding sources and program types").

25-603

Counties may also receive funding through gifts or donations from private parties. Two state statutes expressly regulate a county's acceptance of gifts.[5] Government Code section 25355 authorizes a county to accept a gift made "for any public purpose," if specified requirements are satisfied. And section 27010 authorizes the treasurer to receive an accepted gift.

The question here is whether county officers may deposit funds from these sources into the county treasury without violating Government Code section 27011. Section 27011 prohibits county officers from depositing money into the treasury "from any private and unofficial source," and makes doing so a crime.[6] Part (a) of the question here asks whether section 27011 prohibits the deposit of government-funded grants that are distributed to the county through a nongovernmental entity. Part (b) asks whether the statute prohibits the deposit of a gift or donation from a nongovernmental entity or individual. We conclude that the statute permits deposits in both scenarios.[7]

## ANALYSIS

To answer the question before us, we must determine the meaning of a state law enacted by the Legislature, Government Code section 27011. The Legislature has expressly provided that the interpretation of statutes in that code is governed by "rules of construction."[8] Those rules instruct us to start with the statute's words, because they are "generally the most reliable indicator of legislation's intended purpose."[9] To do so, "[w]e consider the ordinary meaning of the relevant terms, related provisions, terms used in other parts of the statute, and the structure of the statutory scheme."[10] If the words may be interpreted reasonably in more than one way, we may then consider other indicia of intent, such as legislative history and public policy.[11]

The statute in question, section 27011, prohibits county officers from knowingly accepting or allowing a deposit into the county treasury "from any private and unofficial

---

[5] Gov. Code, §§ 25355, 27010.

[6] Gov. Code, § 27011. All further statutory references are to the Government Code.

[7] In this opinion, we address only a specific question interpreting Government Code section 27011; we do not address any other circumstance involving the genesis of grant funds, nor do we address property law questions about ownership of the funds.

[8] Gov. Code, § 5.

[9] *Prang v. Los Angeles County Assessment Appeals Bd.* (2024) 15 Cal.5th 1152, 1170.

[10] *Ibid.*

[11] *Ibid.*

3

source."[12]  Officers who do so commit a misdemeanor and forfeit their office.[13]  The statute states:

> Any county officer who knowingly accepts or allows any deposit in the county treasury of money from any private and unofficial source is guilty of a misdemeanor, punishable by imprisonment . . . or by a fine . . ., and shall forfeit his or her office.[14]

No court or similar authority has interpreted the statute.

On its face, the statute reflects a well-established policy that public resources may be used for public purposes only.[15]  Because the county treasury is a public resource, county officers may not use it for private purposes—such as unauthorized private banking, bribery, or other unlawful acts.[16]  Section 27011 guards against such private use of the public purse by prohibiting deposits "from any private and unofficial source."[17]

We now turn to evaluating whether the deposit prohibition would apply to either of the specific scenarios here:  (a) government grant money distributed through nongovernmental entities as an intermediary, or (b) gifts and donations from nongovernmental sources.[18]

**The Statute Does Not Apply to Government Grant Money Distributed Through a Nongovernmental Entity as an Intermediary Because the "Source" of the Money Is the Government, and the Government Is Not "Private and Unofficial"**

Section 27011 prohibits county treasury deposits of "money from any private and unofficial source."  No applicable statute defines that clause or its key words, "private," "unofficial," and "source."  So, to determine their meaning, we look to dictionaries, both

---

[12] Gov. Code, § 27011; see *id.*, § 24000 (identifying county officers).

[13] *Id.*, § 27011.

[14] *Ibid*.

[15] *Ibid*.; see, e.g., Cal. Const., art. XVI, § 6 (prohibiting gifts of public funds); Gov. Code, § 8314 (prohibiting use of public resources for private purposes).

[16] See *ante*, fn. 15.  Of course, public officers are generally presumed to carry out their duties properly.  (Evid. Code, § 664; *Housing Authority of City of Oakland v. Forbes* (1942) 51 Cal.App.2d 1, 9.)

[17] Gov. Code, § 27011.

[18] The scenario in part (a) pertains only to a grant funded purely from the government, but a "variety of funding sources and program types" exist.  (Grants.gov, *ante*, fn. 4.)  In some cases, the structure of a particular grant (for instance, one with matching private funds) might render the analysis in part (b) applicable.

4

common and legal.[19]  The most relevant ones are those that existed before or close to when the Legislature enacted the language.[20]

The Legislature first enacted the statute containing the deposit prohibition in 1897.[21]  As explained below, the meaning of the key words, "private," "unofficial," and "source," have remained the same since enactment.  We start with the clause's subject, "source," then turn to its descriptor, "private and unofficial."

The meaning of "source," summarized in a few words, is "first cause" or "originator."  A Webster's dictionary predating the enactment defines "source" as:  "First cause; original; that which gives rise to any thing," or "[t]he first producer; he or that which originates."[22]  The current Webster's dictionary defines a "source" as "a generative

---

[19] See *Environmental Health Advocates, Inc. v. Sream, Inc.* (2022) 83 Cal.App.5th 721, 730.

[20] *See ibid.*; *MCI Communications Services, Inc. v. California Dept. of Tax & Fee Administration* (2018) 28 Cal.App.5th 635, 644.

[21] When first enacted, the statute was in another code, and stated:

> Any county treasurer who shall accept, or allow, any deposit in the county treasury of moneys from any private and unofficial source, is guilty of [a] misdemeanor, and shall be punished by imprisonment . . . or by a fine . . ., and, in addition thereto, shall forfeit his office.

(Stats. 1897, ch. 63, § 1, p. 56 [enacting former Penal Code section 180].)  The Legislature streamlined the statute and moved it fifty years later, to state:

> Any county treasurer who accepts or allows any deposit in the county treasury of money from any private and unofficial source is guilty of a misdemeanor, punishable by imprisonment . . . or by a fine . . . and shall forfeit his office.

(Stats. 1947, ch. 424, § 1, pp. 1152-1153 [enacting Government Code section 27011].)  The Legislature amended the statute once more, in 1994, to apply to deposits "knowingly" made, by "any county officer."  (Stats. 1994, ch. 705, § 7, p. 3404 [amending section 27011].)  That amendment reflects that officers other than the treasurer may make deposits.  (Gov. Code, §§ 24300, subds. (g)-(j) [allowing consolidation of treasurer duties with those of tax collector, recorder, assessor, or public administrator], 24300.5 [allowing consolidation of offices of auditor, controller, treasurer, tax collector, and director of finance].)

[22] Webster, American Dict. of the English Language (1853), p. 947, https://tile.loc.gov/storage-services/public/gdcmassbookdig/americandictiona00we/americandictiona00we.pdf (as of

(continued…)

5

25-603

force," "cause," "point of origin or procurement," and "beginning."[23]  And a legal dictionary, Black's Law Dictionary, defines "source" as "[t]he originator or primary agent of an act, circumstance, or result."[24]

Here, we consider a county's receipt of state or federal government grant money, where the government has partnered with a nonprofit intermediary to administer the program.  In this scenario, the government distributes the grant funds to the nonprofit, which then distributes the funds to the grant recipients—here, the county.  We conclude that the deposit of such grant funds from the nonprofit intermediary into the county treasury would not violate section 27011 because the money is not from a "private and unofficial source."  As used in section 27011, "source" means "first cause" or "originator," so an entity that distributes *government* grant money as an intermediary is not its "source," in either sense of the word.  Neither "first cause," nor "originator," describes such a distributing entity.  Instead, the government is the "first cause" of the grant money, because the grant money came into existence by the government authorizing and funding the grant.  And, under these circumstances, the government is the "originator" of the grant money, because even when nongovernmental entities distribute it, the money originates with the government.  So, the government is the "source" of the money:  it is literally "from" government coffers and figuratively "from" the government's act creating the grant.[25]

---

May 26, 2026).  For all definitions we cite in this opinion, we skip irrelevant entries—for example, the one defining "source" in the context of water.  (See *ibid.*)

[23] Webster's Dict., https://www.merriam-webster.com/dictionary/source (as of May 26, 2026).

[24] Black's Law Dict. (12th ed. 2024).

[25] The Webster's dictionary predating enactment defines "from" as having both a figurative and literal meaning:

> From:  The sense of *from* may be expressed by the noun *distance*, or by the adjective *distant*, or by the participle departing, removing to a distance.— *The sense of from is literal or figurative, but it is uniformly the same. . . .*

Webster, American Dict. of the English Language (1853), p. 432, non-underlined italics added, https://tile.loc.gov/storage-services/public/gdcmassbookdig/americandictiona00we/americandictiona00we.pdf (as of May 26, 2026).

6

Having established that the "source" of the money is the state or federal government, we next determine whether the government is a "private and unofficial" source, such that the deposit prohibition would apply.[26] Plainly it is not.

It is axiomatic that the government is a *public*, not private, entity.[27] In fact, "private" and "public" are opposites of each other.[28] Webster's dictionary predating the enactment defines "private" to mean "in contradistinction from *public*," and "[n]ot invested with public office or employment."[29] Current dictionaries similarly define "private." For example, Webster's defines "private" as "not related to one's official position."[30] And Black's Law Dictionary defines "private" as relating to or involving an individual "as opposed to the public or the government."[31] So, a "source" that is "private" is not the government.

Turning to "unofficial," it does not describe a government "source" either. "Unofficial" since enactment has referred to what is *not* official. "Unofficial" in Webster's dictionary predating enactment means "[n]ot official," "not pertaining to office," and "[n]ot proceeding from the proper officer or from due authority."[32] The current Webster's definition is "not official," and "not authorized or acknowledged by a government . . . ."[33] Black's Law Dictionary does not define "unofficial," but defines its

---

[26] Gov. Code, § 27011 (prohibiting the deposit of "money from any private and unofficial source").

[27] See, e.g., *id.*, § 811.2 (defining "public entity" for liability purposes with extensive list of government actors).

[28] See, e.g., *Roman Catholic Welfare Corp. of San Francisco v. City of Piedmont* (1955) 45 Cal.2d 325, 328 (stating "the term 'public' is the antithesis of 'private,'" in rejecting unconstitutional ordinance prohibiting private school construction).

[29] Webster, American Dict. of the English Language (1853), p. 780, italics in original, https://tile.loc.gov/storage-services/public/gdcmassbookdig/americandictiona00we/americandictiona00we.pdf (as of May 26, 2026).

[30] Wester's Dict., https://www.merriam-webster.com/dictionary/private (as of May 26, 2026).

[31] Black's Law Dict. (12th ed. 2024).

[32] Webster, American Dict. of the English Language (1853), p. 1085, https://tile.loc.gov/storage-services/public/gdcmassbookdig/americandictiona00we/americandictiona00we.pdf (as of May 26, 2026).

[33] Webster's Dict., https://www.merriam-webster.com/dictionary/unofficial (as of May 26, 2026).

7

opposite, "official," to mean "[a]uthorized or approved by a proper authority"—so, "*un*official" must again be what is *not* authorized nor approved by a proper authority.[34] In short, both past and present dictionaries show "unofficial" means "not official" and "not authorized." As a governing authority, the government both embodies and promulgates what is "official." Because the government itself is "official" and its authorized acts are "official," a government "source" of money through a lawful grant program for deposit cannot be "unofficial."

Altogether, the dictionary definitions confirm the commonsense conclusion that government grant money is not from a "source" that is either "private" or "unofficial," even if the funds are distributed by nongovernmental intermediaries. Because government grants distributed through nongovernmental intermediaries are not "from [a] private and unofficial source," we conclude that section 27011 does not prohibit depositing such funds in the county treasury.[35]

Although our conclusion follows from section 27011's plain text, it is also consistent with the policy underpinning the statute: that public resources may be used only for public purposes.[36] As explained above, government grant money that nongovernmental entities distribute is still grant money from the government. Such money is a public resource. As a result, its presence in the county treasury—also a public resource—is consistent with using the treasury only for public purposes.

Keeping in mind the principles described above, we now turn to part (b). Again, part (b) asks if section 27011's prohibition on county treasury deposits of "money from any private and unofficial source" applies to gifts or donations from nongovernmental entities or individuals.

**The Statute Does Not Apply to Gifts from Nongovernmental Entities If the County Follows State Laws Governing Acceptance and Receipt of Gifted Money**

Because part (b) is about gifts, the statutes governing gifts to a county—sections 25355 and 27010—are relevant. We therefore analyze those gift statutes alongside the statute in question, using the rules of construction.

Relevant here, the rules instruct us to "read statutes as a whole," together as one.[37] That is, "the codes are to be read together and regarded as blending into each other

---

[34] Black's Law Dict. (12th ed. 2024). To illustrate the meaning of "official," Black's Law Dictionary refers to a "company's official policy." (*Ibid.*) Thus, an example of "unofficial" would be a company's *un*official policy.

[35] Gov. Code, § 27011 (prohibiting deposit "from any private and unofficial source").

[36] See *ante*, fn. 15.

[37] *Jurcoane v. Superior Court* (2001) 93 Cal.App.4th 886, 893.

thereby forming but a single statute."[38]  The Court of Appeal has explained that reading statutes as a whole means "giving effect to all their provisions, neither reading one section to contradict others or its overall purpose, nor reading the whole scheme to nullify one section."[39]  And if the statutes conflict, more specific provisions take precedence over more general ones.[40]  A more specific statute is therefore interpreted as an exception to a conflicting, more general one.[41]  Finally, as the California Supreme Court has explained, we should avoid interpretations that produce absurd results.[42]

Applying these rules here, we begin by analyzing the statutes governing gifts. Like the statute in question, there is no relevant interpretation of the gift statutes by a court or otherwise.  The first, section 25355, authorizes a county board of supervisors to accept or reject a gift made to the county for a public purpose, placing no restriction on the gift's source.  Specifically, it states that the board of supervisors "may accept or reject any *gift*, bequest, or devise" to the county "for any public purpose."[43]  A bequest and devise describe gifts that occur upon the death of the giver.  Although the statute mentions "gifts" and not "donations," it is clear that the term includes donations.[44]  The statute authorizes the board to delegate its gift-accepting authority to "any county officer or employee," and sets forth applicable procedures if it does so.[45]  The statute is silent on whether the board may similarly delegate its gift-rejecting authority.[46]

---

[38] *People v. Ashley* (1971) 17 Cal.App.3d 1122, 1126.

[39] *Jurcoane v. Superior Court*, *supra*, 93 Cal.App.4th at p. 893.

[40] *Atlanta Falcons v. Workers' Comp. Appeals Bd.* (2025) 114 Cal.App.5th 1268, 1275.

[41] *Ibid.*; *Perry v. Stuart* (2025) 111 Cal.App.5th 472, 507.

[42] *Flannery v. Prentice* (2001) 26 Cal.4th 572, 578 ("We avoid any construction that would produce absurd consequences").

[43] Gov. Code, § 25355, italics added.

[44] A cross-referencing statute makes it clear that a "gift" includes a "donation."  (See *id.*, § 6159, subd. (b)(8) [allowing a county to authorize use of credit cards for a "donation" made to the county "pursuant to Section 25355"].)  That comports with common usage as well.  (See, e.g., Webster's Dict., https://www.merriam-webster.com/dictionary/donation (as of May 26, 2026) [defining "donation" as a "gift," "especially" to a "public institution"].)

[45] Gov. Code, § 25355.  For example, delegated officers and employees must report quarterly on "the source and value of each gift" over ten thousand dollars or other amount the board specifies.  (*Ibid.*)

[46] The authority to reject a gift might be implied from the authority to accept a gift; on the other hand, the silence might intend to leave the authority to reject a gift with the board, so that gifts (and their benefits) may not be denied without board involvement.

9

The second gift statute, section 27010, neighbors the deposit-prohibition statute, section 27011. Section 27010 expressly authorizes a county officer—the treasurer—to "receive" money that is a gift to the county, again without restricting the source.[47] It states: "The treasurer may receive any money constituting [a] *gift*, bequest, or devise, and pay it out in accordance with the terms thereof, or, if none are fixed, according to law."[48] The statute names the treasurer alone, but a county may assign a treasurer's duties to certain other officers.[49]

Although section 27010 does not expressly state that the gift recipient is the county or that its repository is the county treasury, the statute's location implies as much. The statute is located among statutes on treasurer duties, the first of which requires the treasurer to receive "all money *belonging to the county*," revealing that the unstated beneficiary here must be the county.[50] And, the statute is sandwiched between two that expressly apply to the treasury, revealing that the unstated repository here must be the treasury.[51]

In sum, the first statute, section 25355, authorizes a county board of supervisors to accept (or reject) a "gift" "for any public purpose," while the second statute, section 27010, authorizes the treasurer to receive "any" money that is a "gift." And neither statute restricts the gift's source.[52] Despite the second statute's reference to "any" money, we do not interpret this to mean the treasurer may receive gifted money that the board has rejected. Instead, we interpret the board's more specific authority to accept a "gift" "for any public purpose" as prevailing over the general authority of the treasurer to

---

[47] Gov. Code, § 27010; see *id.*, § 24000, subd. (f) (treasurer is county officer).

[48] *Id.*, § 27010, italics added. For readability, we inserted the word "a," which appears to be missing.

[49] *Id.*, §§ 24300, subds. (g)-(j) (authorizing consolidation of treasurer duties with those of tax collector, recorder, assessor, or public administrator), 24300.5 (authorizing consolidation of offices of auditor, controller, treasurer, tax collector, and director of finance).

[50] *Id.*, § 27000 et seq., italics added.

[51] See, e.g., *id.*, §§ 27009 (requiring treasurer to give receipt to any depositor into county treasury), 27011 (prohibiting deposits of money from private and unofficial source into county treasury).

[52] *Id.*, §§ 25355, 27010.

receive "any" money that is "gift."[53]  Such a construction avoids the absurd result of allowing a rejected gift into the treasury.[54]

With this understanding of the gift statutes in mind, we turn back to applying section 27011 to the county's receipt of a gift from a nongovernmental individual or entity.  Again, the statute prohibits any county officer from depositing money into the treasury "from any private and unofficial source."[55]  Recall that "source" in a few words means "originator," or "first cause," with the full pre-enactment definition stating:  "First cause; original; that which gives rise to any thing," or "[t]he first producer; he or that which originates."[56]  In our view, this describes the gift giver.  Although the county may accept the gift under section 25355, we do not think that makes the county itself the "source" of funds.[57]  Rather, the giver remains the "source," as the "first cause" and "originator" of the gifted money.  Without a proffered gift, there is nothing for the county to accept.  And even when a potential giver has made an offer to give money and the county has used its authority to accept the offer, the giver is not *required* to complete the gift, because a gift is voluntary and does not have to be fulfilled.[58]  Instead, the money still belongs to the giver until after its transfer and deposit.

Having identified the giver as the "source" of gifted funds, the next question is whether that source is both "private" and "unofficial."  Given that the giver is a *nongovernmental* individual or entity, we have no doubt that the source is "private."  Whether the source is "unofficial" is a closer question.  Assuming that the county has accepted the gift pursuant to section 25355, the transfer of funds would be authorized by

---

[53] See *ante*, fns. 40-41 and related text in the body (describing rule of construction giving precedence to more specific statutes).

[54] See *ante*, fn. 42 (reciting rule to avoid absurd results in construing statutes).

[55] Gov. Code, § 27011.

[56] See *ante*, fns. 22-25 and related text in the body (discussing meaning of "source").

[57] If the county's act of acceptance were seen as the "source" of funds, then the source would be an authorized act, and therefore not "unofficial."  The accepted gift money would thus fall outside the deposit prohibition.  (See *ante*, fns. 32-34 and related text in the body [discussing meaning of "unofficial" as "not authorized," and by contrast, meaning of "official" as "authorized"].)

[58] *Yamaha Corp. of America v. State Bd. of Equalization* (1999) 73 Cal.App.4th 338, 358 (gifts not complete until delivered); *Tracy v. Alvord* (1897) 118 Cal. 654, 655 (offer of gift during life or upon death is unenforceable).  In contrast, when a government act *requires* a payment be made (such as a tax, fee, fine, or penalty), money from such payments arguably has a "source" (as in first cause, and that which gives rise to) that is the government law requiring payment.  Such a source is authorized (not "unofficial"), thus falling outside the prohibition.  (See *ante*, fns. 32-34 [discussing "unofficial"].)

11

state law.  The gift could therefore be seen to originate from an "official," as in "authorized," source by virtue of the county's authorizing act.[59]

But even if the source of funds were seen as "unoffical," because the giver itself is a nongovernmental actor, the county's act of accepting the gift makes the source irrelevant.  If the source were indeed "private and unoffical," the deposit-prohibition statute and the gift statutes would then be in conflict:  section 27011 would prohibit the county from depositing the gift from a "private and unoffical source," but the gift statutes would authorize the county to accept and deposit the funds.  When such a conflict arises, specific statutes prevail over conflicting general ones, and here, the statutes specifically allowing gifts (regardless of the source) would prevail over the deposit prohibition.  Both sections 25355 and 27010 expressly refer to a "gift."[60]  In contrast, the deposit prohibition does not refer to a gift but to a "deposit," which covers not just money that is a gift, but any type of money.[61]  As such, the gift statutes are more specific here, and they would prevail in a conflict with the deposit prohibition.[62]  So, even if a gift fell within the deposit prohibition, a county could use its authority to accept the gift (regardless of its source) and the deposit prohibition would not apply.[63]

The correctness of this rule, giving precedence to the more specific gift statutes, becomes apparent by applying its opposite.  If instead the deposit prohibition in section 27011 prevailed, it would thwart the gift statutes, contrary to the rules of construction.[64]

---

[59] See Black's Law Dict. (12th ed. 2024) (defining "official" to mean "[a]uthorized or approved by a proper authority").

[60] Gov. Code, §§ 25355, 27010.

[61] See *id.*, § 27011 (referring to "deposit").

[62] See *ante*, fns. 40-41.  One way to try to avoid any conflict would be to ask if the gifted money from a "private and unoffical source" could simply go somewhere other than the treasury.  But we are not aware of any statute authorizing the county's use of an alternative repository.  Nor do we see any reason why the Legislature would intend to allow the deposit of such money only outside the treasury and all its safeguards.  (See, e.g., Gov. Code, § 27000.3 [applying fiduciary standard to county treasury funds]; see also *id.*, § 53636 [deeming specified invested funds of county as money in county treasury].)  If the Legislature had intended as much, surely it would have specified where to deposit the money instead.

[63] Similarly, if required tax payments and the like were somehow viewed as money from a "private and unoffical source," the specific laws requiring payment would prevail over the general deposit prohibition.  (See *ante*, fns. 40-41.)

[64] *Jurcoane v. Superior Court*, *supra*, 93 Cal.App.4th at p. 893 (reciting that statutes must be read as a whole to give effect to all their provisions and avoid nullification); *Kleitman*

(continued…)

Recall that section 27010 authorizes the treasurer—a county officer—to receive money from a gift, bequest, or devise that a county has accepted under section 25355.[65]  So, if a county accepts a bequest or devise (gifts from deceased individuals—so, a private and unofficial source) but the deposit prohibition on county officers prevailed, the prohibition would nullify exactly what section 27010 authorizes the treasurer (a county officer) to do with the accepted gift (to receive it into the treasury).[66]  The nullification illustrates why more specific provisions prevail, not the other way around.

The nullification may not be avoided by reading the deposit prohibition in section 27011 to apply to "any county officer" *except* the treasurer, because such a reading is wholly unsupported by the statute and its history.[67]  The statute unambiguously refers to *any* county officer, and the treasurer is not only a county officer, but also holds a special place in the statute's history.  As originally enacted in 1897, the statute applied *only* to the treasurer.[68]  Nearly one hundred years later, the Legislature expanded the statute to apply to "any county officer."[69]  If, for the first time in the statute's long history, the Legislature intended to reverse course and exempt the treasurer—the officer most likely to be depositing funds into the treasury—we think the statute would expressly say so.  We also think such a reversal would appear in the legislative record, but it does not.[70]

---

*v. Superior Court* (1999) 74 Cal.App.4th 324, 334 (stating rule against reading into statutes "an exception, qualification, or modification that will nullify a clear provision").

[65] Gov. Code, § 27010 (referring to "gift, bequest, or devise"); see *id.*, § 24000, subd. (f) (treasurer is county officer).

[66] *Id.*, §§ 27010 (authorizing treasurer to receive "gift, bequest, or devise"), 27011 (prohibiting officers from depositing "money from any private and unofficial source"), 24000, subd. (f) (treasurer is county officer).

[67] See *id.*, § 24000, subd. (f) (treasurer is county officer).  To avoid the nullification, any officer assigned duties of treasurer would also have to be read out of the prohibition. (See *ante*, fn. 49 [referring to statutory authority to transfer treasurer duties to other officers and consolidate office of treasurer with other specified offices].)

[68] The original enactment of the statute in question stated, "Any county treasurer who shall accept, or allow, any deposit in the county treasury of moneys, from any private and unofficial source, is guilty of [a] misdemeanor, and shall be punished by imprisonment . . . or by a fine . . ., and, . . ., shall forfeit his office."  (Stats. 1897, ch. 63, § 1, p. 56.)

[69] Stats. 1994, ch. 705, § 7, p. 3404 (amending section 27011 to its current form).

[70] For example, a digest that accompanied the bill through its passage merely explains that the statute applied to the treasurer, and would expand to apply to any county officer. (Legis. Counsel's Dig., Sen. Bill No. 1804, as introduced [1993-1994 Reg. Sess.]; Legis. Counsel's Dig., Sen. Bill No. 1804, 705 Stats. 1994 [1993-1994 Reg. Sess.], Summary

(continued…)

13

For these reasons, when a county exercises its authority under the gift statutes to accept a gift, even from a private individual or entity, section 27011 does not apply, and an officer may deposit the accepted gift money without violating the prohibition.[71] However, when a county does *not* so accept a gift (either by passive non-acceptance or affirmative rejection), the gift would be from a "private and unofficial source," so section 27011 would prohibit deposit of the proffered gift into the county treasury.

Finally, our conclusion is consistent with the statute's policy that public resources, such as the treasury and money it holds, may be used only for public purposes.[72] Again, it is only "*for any public purpose*" that a county may accept gifts through its board of supervisors or delegates.[73] So, without a public purpose, gifted money will not enter into the treasury, preserving the treasury and the money in it for public purposes. And if a county chooses *not* to accept a gift from a "private and unofficial source," then the deposit prohibition remains applicable, safeguarding the treasury against use as a repository for unauthorized private funds.

---

Dig., p. 268.) As the Court of Appeal has explained, the "Legislative Counsel's digest is the official summary of the legal effect of a bill and is relied upon by the Legislature throughout the legislative process." (*Joannou v. City of Rancho Palos Verdes* (2013) 219 Cal.App.4th 746, 759.) As such, "the digest is entitled to great weight, but is not binding." (*Ibid.*) Moreover, none of the committee analyses even mention the change. (See, e.g., Sen. Rev. & Tax Com., Analysis of Sen. Bill. No. 1804 [1993-1994 Reg. Sess.] as introduced Feb. 24, 1994, hearing date April 20, 1994.)

[71] See Gov. Code, §§ 25355 (authorizing county board of supervisors to "accept" gift "for any public purpose," to delegate such authority, and specifying applicable procedures if it does so), 27010 (authorizing treasurer to "receive" money comprising gift).

[72] See *ante*, fn. 15.

[73] Gov. Code, § 25355 (authorizing board and delegated officers to accept gifts to county "*for any public purpose*"), italics added; see *id.*, § 27010 (authorizing treasurer to receive such money).

25-603